IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
May 5, 2015

# CLAYTON ARDEN v. KENYA I. KOZAWA, M.D., ET AL.

**Appeal by Permission from the Court of Appeals, Eastern Section
Circuit Court for Monroe County
No. V12284S    J. Michael Sharp, Judge**

---

**No. E2013-01598-SC-R11-CV – Filed June 30, 2015**

---

The primary issue presented is whether a health care liability case must be dismissed because the plaintiff sent the health care defendants pre-suit notice of the claim via a commercial carrier, FedEx, instead of using certified mail, return receipt requested, through the United States Postal Service. The defendants moved for summary judgment, asserting that the plaintiff failed to comply with the requirements of Tennessee Code Annotated sections 29-26-121(a)(3)(B) and (a)(4) (2012). The defendants did not allege they failed to receive notice or were prejudiced by the plaintiff's method of service. The trial court dismissed the complaint, holding that strict compliance with the manner and proof of service requirements of Tennessee Code Annotated sections 29-26-121(a)(3)(B) and (a)(4) was required. The Court of Appeals affirmed, holding that substantial compliance was sufficient to satisfy the statutory content requirements of the notice, but that the plaintiff's failure to send the notice by certified mail constituted deficient service. We hold that the manner and proof of service prescribed by Tennessee Code Annotated sections 29-26-121(a)(3)(B) and (a)(4) may be achieved through substantial compliance. The defendants received notice and were not prejudiced by the manner of service. Therefore, the use of FedEx to deliver the notice and the filing of proof of service with the complaint constituted substantial compliance with the manner and proof of service requirements of the pre-suit notice statute. The judgment of the Court of Appeals is reversed, and the case is remanded to the trial court for further proceedings.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Reversed**

SHARON G. LEE, C.J., delivered the opinion of the Court, in which CORNELIA A. CLARK, GARY R. WADE, JEFFREY S. BIVINS, and HOLLY KIRBY, JJ., joined.

Donna Keene Holt and G. Turner Howard III, Knoxville, TN, for the appellant, Clayton Arden.

Heidi A. Barcus, Hillary B. Jones, and J. David Watkins, Knoxville, TN, for appellees Kenya I. Kozawa, M.D., and Ken Kozawa, M.D., PC.

Stephen Wayne Gibson, Gary George Spangler, and Carrie S. O'Rear, Knoxville, TN, for appellee Sweetwater Hospital Association.

**OPINION**

**I.**

Beginning on August 24, 2011, Deborah Arden was treated by Dr. Ken Kozawa, a Sweetwater, Tennessee physician, for abdominal complaints. On August 28, 2011, Dr. Kozawa admitted her to Sweetwater Hospital Association for treatment. Mrs. Arden died on September 15, 2011, allegedly due to the negligence of Dr. Kozawa and Sweetwater Hospital Association.[1] On August 1, 2012, Clayton Arden, Mrs. Arden's surviving spouse, sent letters to Dr. Kozawa and the Sweetwater Hospital Association, notifying them that Mr. Arden intended to file a health care liability action against them. Mr. Arden's attorney sent the notice letters via FedEx Priority service with tracking capability. The letters were delivered to Dr. Kozawa and Sweetwater Hospital on August 2, 2012.

On October 19, 2012, Mr. Arden filed a health care liability complaint in Monroe County Circuit Court against Dr. Kozawa, individually, Ken Kozawa, M.D., P.C., and Sweetwater Hospital Association ("the Defendants"). Mr. Arden relied upon the 120-day extension of the statute of limitations provided by Tennessee Code Annotated section 29-26-121(c).[2] Attached to the complaint was a certificate of good faith, an affidavit of mailing notice, and FedEx receipts indicating delivery of the notice letters on August 2, 2012.

---

[1] These facts are taken from allegations in the complaint filed by Mr. Arden. At this stage of the proceeding, there have been no findings of fact as to the truth of these allegations, and we must take all allegations of fact as true. *See Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 894 (Tenn. 2011) (citing *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997)).

[2] Tennessee Code Annotated section 29-26-121(c) provides, in pertinent part:

> When notice is given to a [health care] provider as provided in this section, the applicable statutes of limitations and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider. Personal service is effective on the date of that service.

Tenn. Code Ann. § 29-26-121(c) (2012).

The Defendants moved for summary judgment, asserting that Mr. Arden failed to comply with the pre-suit notice requirements of Tennessee Code Annotated section 29-26-121(a)(3)(B) and (a)(4) by sending the notice letters by FedEx rather than through the U.S. Postal Service, certified mail, return receipt requested.[3] Mr. Arden responded that the method of service did not warrant dismissal because the Defendants were provided with actual, timely notice of the forthcoming lawsuit and suffered no prejudice.

The trial court granted the Defendants' motions for summary judgment, finding that Mr. Arden was required to strictly comply with the notice requirements of Tennessee Code Annotated section 29-26-121(a)(2), (3), and (4), that he had failed to do so, and that he had not demonstrated extraordinary cause to excuse his noncompliance.[4] The trial court dismissed the complaint as time-barred, finding that because Mr. Arden failed to provide statutory notice, he was unable to rely on the 120-day extension of the statute of limitations provided under Tennessee Code Annotated section 29-26-121(c).

The Court of Appeals affirmed the trial court's decision to dismiss, holding that substantial compliance was sufficient to satisfy the statutory content requirements of the notice, but that Mr. Arden's failure to send the notice by certified mail, return receipt requested, through the U.S. Postal Service constituted deficient service.[5] *Arden v. Kozawa*, No. E2013-01598-COA-R3-CV, 2014 WL 2768636, at \*8 (Tenn. Ct. App. June 18, 2014). The intermediate appellate court noted that the statutory language is clear and unambiguous and does not provide for any method of service other than certified mail.

---

[3] The Defendants also asserted that Mr. Arden failed to include his own address on the notice letter, as prescribed by Tennessee Code Annotated section 29-26-121(a)(2)(B); failed to send the notice to Dr. Kozawa's address indicated on the Tennessee Department of Health website, as prescribed by Tennessee Code Annotated section 29-26-121(a)(3)(B)(i); and failed to include the name and address of Sweetwater Hospital on the health care provider list filed with the complaint, as prescribed by Tennessee Code Annotated section 29-26-121(a)(2)(D). The Court of Appeals correctly held that Mr. Arden had substantially complied with the content requirements of the statute.

[4] The trial court ruled before we issued our decision in *Stevens ex rel. Stevens v. Hickman Comm. Health Care Servs., Inc.*, 418 S.W.3d 547, 555 (Tenn. 2013), where we held that substantial compliance is sufficient to satisfy the notice content requirement of Tennessee Code Annotated section 29-26-121(a)(2)(E).

[5] The Court of Appeals reversed the trial court's decision insofar as it required strict compliance with the pre-suit notice content requirements of Tennessee Code Annotated section 29–26–121(a)(2). As the intermediate appellate court properly reasoned, "unless strict compliance with a notice content requirement is essential to avoid prejudicing an opposing litigant, substantial compliance . . . will suffice." *Arden*, 2014 WL 2768636, at \*5 (quoting *Thurmond v. Mid-Cumberland Infectious Disease Consultants, PLC*, 433 S.W.3d 512, 520 (Tenn. 2014)) (internal quotation marks omitted). The Court of Appeals held that Mr. Arden substantially complied with the pre-suit notice content requirements, and as the Defendants have not alleged that they were prejudiced by the purported content deficiencies in the pre-notice, we do not disturb this ruling.

*Id.* at *6. The court was further persuaded by the Legislature's 2009 amendment to section 29-26-121(a)(2), which omitted "notice by overnight delivery using a nationally recognized carrier" as a prescribed method of service. *Id.* at *7. The 2008 version of the statute had included this language. *Id.* The Court of Appeals found this omission evidenced the Legislature's intent to require the use of certified mail through the U.S. Postal Service as the only acceptable means, other than hand delivery, of providing service of pre-suit notice to health care defendants. *Id.* at *8.

We granted Mr. Arden's application for permission to appeal to decide whether effective service of pre-suit notice of a health care liability claim under Tennessee Code Annotated section 29-26-121(a)(3)(B) and (a)(4) may be accomplished through the use of a commercial carrier, such as FedEx, rather than by certified mail, return receipt requested, through the U.S. Postal Service.

## II.

At least sixty days before filing a complaint for health care liability, a person who is asserting the claim must give written notice of the claim to each health care provider that will be named as a defendant. Tenn. Code Ann. § 29-26-121(a)(1). Pre-suit notice is mandatory, and section 29-26-121(a)(1) demands strict compliance. *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 309 (Tenn. 2012); *see also Foster v. Chiles*, No. E2012-01780-SC-R11-CV, 2015 WL 343872, at *4 (Tenn. Jan. 27, 2015). The consequence for failure to give pre-suit notice is dismissal of the lawsuit. *Foster*, 2015 WL 343872, at *4.

As to how pre-suit notice is to be delivered and service of notice proven, Tennessee Code Annotated sections 29-26-121(a)(3) and (a)(4) provide:

> (3) The requirement of service of written notice prior to suit is deemed satisfied if, within the statutes of limitations and statutes of repose applicable to the provider, . . . the following occurs, as established by the specified proof of service, which shall be filed with the complaint:
>   . . . .
>   (B) Mailing of the notice:
>       (i) To an individual health care provider at both the address listed for the provider on the Tennessee department of health web site and the provider's current business address, if different from the address maintained by the Tennessee department of health; . . . or
>       (ii) To a health care provider that is a corporation or other business entity at both the address for the agent for service of process, and the provider's current business address, if different from that of the agent for service of process[.]

-4-

(4) Compliance with subdivision (a)(3)(B) shall be demonstrated by filing a certificate of mailing from the United States [P]ostal [S]ervice stamped with the date of mailing and an affidavit of the party mailing the notice establishing that the specified notice was timely mailed by certified mail, return receipt requested. A copy of the notice sent shall be attached to the affidavit. It is not necessary that the addressee of the notice sign or return the return receipt card that accompanies a letter sent by certified mail for service to be effective.

Tenn. Code Ann. § 29-26-121(a)(3)-(4).

The content and affidavit requirements of Tennessee Code Annotated sections 29-26-121(a)(2), (a)(3), and (a)(4) are not mandatory, but directory, and can be achieved through substantial compliance. *See Thurmond v. Mid-Cumberland Infectious Disease Consultants, PLC*, 433 S.W.3d 512, 520 (Tenn. 2014) (allowing substantial compliance with the affidavit requirement under Tennessee Code Annotated sections 29-26-121(a)(3)(B) and (a)(4)); *Stevens ex rel. Stevens v. Hickman Comm. Health Care Servs., Inc.*, 418 S.W.3d 547, 555 (Tenn. 2013) (allowing substantial compliance with the HIPAA form requirement under Tennessee Code Annotated section 29-26-121(a)(2)(E)). "[U]nless strict compliance with a notice content requirement 'is essential to avoid prejudicing an opposing litigant,' substantial compliance with a content requirement will suffice." *Thurmond*, 433 S.W.3d at 520 (quoting *Stevens*, 418 S.W.3d at 555).

The issues before us are whether the manner and proof of service prescribed by Tennessee Code Annotated sections 29-26-121(a)(3)(B) and (a)(4) may be satisfied through substantial compliance, and if so, whether service of pre-suit notice through a private commercial carrier and the filing of documentation proving that service constitutes substantial compliance with the statute. In making this determination, we consider the extent and significance of the plaintiff's deviation from the statute and whether the defendant was prejudiced by the plaintiff's noncompliance. *See Thurmond*, 433 S.W.3d at 520; *Stevens*, 418 S.W.3d at 556.

This issue of statutory construction is a question of law, which we review de novo, with no presumption of correctness afforded to the lower court decisions. *Hayes v. Gibson Cnty.*, 288 S.W.3d 334, 337 (Tenn. 2009) (citing *Carter v. Bell*, 279 S.W.3d 560, 564 (Tenn. 2009). When determining the meaning of statutory language, we must ascertain and fully effectuate the intent of the Legislature, *Thurmond*, 433 S.W.3d at 517 (citing *Baker v. State*, 417 S.W.3d 428, 433 (Tenn.2013)), taking care not to broaden a statute beyond its intended scope or unduly restrict its coverage. *Shore v. Maple Lane Farms, LLC*, 411 S.W.3d 405, 420 (Tenn. 2013) (citing *State v. Strode*, 232 S.W.3d 1, 9 (Tenn. 2007)).

Our construction of a statute must begin with the words the Legislature has chosen. *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 526 (Tenn. 2010) (citing *Waldschmidt v. Reassure Am. Life Ins. Co.*, 271 S.W.3d 173, 176 (Tenn. 2008)). We presume that the Legislature intended each word in a statute to have a specific purpose and meaning. *Cunningham v. Williamson Cnty. Hosp. Dist.*, 405 S.W.3d 41, 44 (Tenn. 2013) (citing *State v. Hawk*, 170 S.W.3d 547, 551 (Tenn. 2005)). If the statutory language is clear and unambiguous, we apply its plain meaning, understood in its normal and accepted usage, without a forced interpretation. *Baker*, 417 S.W.3d at 433 (quoting *Carter*, 279 S.W.3d at 564). Where statutory language is ambiguous, we may decipher legislative intent in other ways, including consideration of the broader statutory scheme, legislative history, and other sources. *Thurmond*, 433 S.W.3d at 517 (citing *Mills v. Fulmarque, Inc.*, 360 S.W.3d 362, 368 (Tenn. 2012)).

We hold that the manner and proof of service requirements of Tennessee Code Annotated sections 29-26-121(a)(3)(B) and (a)(4) are not mandatory, but directory, and can be achieved through substantial compliance. *Cf. Thurmond*, 433 S.W.3d at 520; *Stevens*, 418 S.W.3d at 555. So long as a health care defendant is not prejudiced by a plaintiff's deviations from the statutorily prescribed method of service—"certified mail, return receipt requested"—or the proof of service requirement—"filing a certificate of mailing from the United States [P]ostal [S]ervice"—substantial compliance with these statutory requirements will suffice. *See Thurmond*, 433 S.W.3d at 518; *Stevens*, 418 S.W.3d at 555; *see also Henry v. Goins*, 104 S.W.3d 475, 481 (Tenn. 2003) (recognizing the state public policy of deciding cases on their merits as opposed to dismissing on procedural technicalities).

Further, we hold that delivery of pre-suit notice by private commercial carrier, such as FedEx, and filing of proof with the complaint constitutes substantial compliance with sections 29-26-121(a)(3)(B) and (a)(4) of the pre-suit notice statute. As long as a defendant is not prejudiced, it does not matter whether a commercial carrier or the U.S. Postal Service delivers the notice. The overarching purpose of the pre-suit notice statute is to ensure that health care defendants receive timely notice of a forthcoming lawsuit. While the method of delivery could constitute deficient service of pre-suit notice if a health care defendant claims lack of notice or prejudice, that is not the case before us. Mr. Arden sent the pre-suit notice letters to the Defendants through FedEx Priority service, with tracking capability, and the notice letters were delivered to the Defendants the next day. Mr. Arden was able to track the letters' delivery and later provided proof of this service by filing the FedEx tracking documentation with his complaint. Defendants received the notice letters and suffered no prejudice by this manner of delivery.[6]

---

[6] Likewise, we hold that substantial compliance is sufficient to satisfy the requirement of section 29-26-121(a)(3)(B)(i) that the notice be mailed to the health care provider's address as indicated on the Tennessee Department of Health website. While Mr. Arden mistakenly sent Dr. Kozawa's notice letter to the Sweetwater Hospital address, which was very similar to Dr. Kozawa's address, Dr. Kozawa made no

Moreover, while we note that the language of sections 29-26-121(a)(3)(B) and (a)(4) is unambiguous, we do not find that the 2009 amendment to the pre-suit notice statute, which omitted "delivery by a nationally recognized carrier" as a means of sending pre-suit notice, to be determinative. The 2009 amendment was a comprehensive overhaul of the pre-suit notice statute. Specifically, the omission of "nationally recognized carriers" as a potential method of service was but a small change, among many others,[7] intended to provide more certainty and guidance to attorneys.[8] In Senate committee discussion of the 2009 amendment, Senator Doug Overbey explained,

> What this bill provides are some options to those who are giving the 60-day notice. I would say, first of all, we're not talking about service of process. We're not talking about service of the summons and complaint. We're talking about service of this notice that precedes the filing of a complaint based upon medical malpractice. We're giving options.

---

allegation that he failed to receive notice or that he was prejudiced by this error. Accordingly, Mr. Arden substantially complied with this statutory requirement.

[7] Among the other changes were: (1) clarifying that pre-suit notice must be given to only those who will be named as defendants in the forthcoming action; (2) requiring that the plaintiff file a HIPAA compliant medical authorization with the notice; (3) clarifying that service may be made to not only the health care provider, but to "an identified individual whose job function includes receptionist for deliveries to the provider or arrival of the provider's patients at the provider's current practice location"; (4) providing for a 120-day extension of the statute of limitations; and (5) requiring a certificate of good faith to be filed with the complaint, instead of within ninety days of the filing of the complaint. *Compare* Tenn. Code Ann. §§ 29-26-121, -122 (2008), *with* Tenn. Code Ann. §§ 29-26-121, -122 (2012).

[8] As one commentator explained:

> [T]he 2008 Statute could be construed as providing that notice was not effective unless the health care provider was personally served, personally signed the receipt for the registered letter containing the notice, or personally signed the receipt for the letter delivered by a nationally recognized carrier. This created a real problem for plaintiff's lawyers, since (a) compliance with the statute was necessary to extend the statute of limitations; (b) there was anecdotal evidence that doctors were not cooperating with attempts at personal service; (c) there were disputes concerning who signed the receipt; and (d) there was no effective way of resolving uncertainty about whether notice was properly given absent personal service on the provider.

> The 2009 Act solves that problem. Now, service of notice on an individual health care provider is effective upon . . . mailing notice to the provider by the method provided by statute. Importantly, it is not receipt of the written, mailed notice by the provider that extends the statute of limitations and statute of repose. Rather, it is the mailing of the letter in compliance with the statute that extends the statute of limitations.

John A. Day, *Med Mal Makeover 2009 Act Improves on '08*, 45 TENN. B.J. 14, 15 (2009).

*Hearing on S.B. 2109 Before the Senate Judiciary Comm.*, 106th Gen. Assemb., Reg. Sess. (Tenn. May 27, 2009) (statement of Sen. Overbey). Similarly, in a House committee discussion, Representative Kent Coleman explained, "[The amendment] eliminates uncertainty regarding the service of notice." *Hearing on H.B. 2233 Before the House Judiciary Comm.*, 106th Gen. Assemb., Reg. Sess. (Tenn. May 26, 2009) (statement of Rep. Coleman). Specifying the U.S. Postal Service was merely an attempt to provide attorneys with more guidance under the statute.

Above all, these changes to the pre-suit notice statute were meant to ensure that notice is provided to health care defendants before suit is filed. As Senator Overbey explained, the Legislature was "trying to make sure [the notice] gets delivered . . . to a responsible party," *Hearing on S.B. 2109*, *supra*, and as Representative Coleman explained, the amendment "improves the notice provisions so that physicians know that there are claims being made and lawyers know that the service of process is taking place," *Hearing on H.B. 2233*, *supra*. *See also* Day, *supra*, at 16 ("The purpose of the Certificate of Mailing requirement is to eliminate the possibility that a lawyer could falsely claim that a letter had been mailed on a certain date when in fact it had not.").

Given that a key purpose of the 2009 amendment was to better ensure that health care defendants receive timely notice, we do not regard the omission of "nationally recognized carrier" from the statute as indicating the Legislature's intent to preclude the use of any carrier other than the U.S. Postal Service. Accordingly, we hold that Mr. Arden's timely provision of pre-suit notice to the Defendants through the use of FedEx and filing of proof with the complaint constituted substantial compliance with the manner and proof of service requirements of the pre-suit notice statute.

## Conclusion

We reverse the judgment of the Court of Appeals dismissing Mr. Arden's complaint and remand the case to the trial court for further proceedings. Costs of this appeal are assessed to Kenya I. Kozawa, M.D., Ken Kozawa, M.D., P.C., and Sweetwater Hospital Association, for which execution may issue if necessary.

_____
SHARON G. LEE, CHIEF JUSTICE