NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0537n.06

No. 14-6125

**FILED**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

AUG ~'5 2015

DEBORAH S. HUNT, Clerk

TRACY LYNN REECE EISWERT )
and CHRISTINA REECE, )
 )
 ) ON APPEAL FROM THE
**Plaintiffs-Appellants,** ) UNITED STATES DISTRICT
 ) COURT FOR THE EASTERN
v. ) DISTRICT OF TENNESSEE
 )
UNITED STATES OF AMERICA, )
 ) **ORDER**
**Defendant-Appellee.** )
 )

Before:  MOORE and COOK, Circuit Judges; COHN, District Judge.*

**ORDER CERTIFYING A QUESTION TO THE SUPREME COURT OF TENNESSEE**

**AVERN COHN, District Judge.**  This is a case under the Federal Tort Claims Act

("FTCA"), 28 U.S.C. §§ 2671 *et seq.*, arising out of the death of Scott Walter Eiswert ("Mr.

Eiswert"), a veteran of the United States Armed Forces who took his life following his battle

with service-connected Post-Traumatic Stress Syndrome ("PTSD").  Following exhaustion of the

FTCA-mandated pre-suit administrative process, Plaintiffs-Appellants Tracy Eiswert, Mr.

Eiswert's widow, and Christina Reece, Mr. Eiswert's step-daughter (collectively, "Plaintiffs")

filed this lawsuit against the United States ("the Government") in the United States District Court

for the Eastern District of Tennessee.  Plaintiffs claim that the James H. Quillen Veterans

---

*The Honorable Avern Cohn, Senior United States District Judge for the Eastern District
of Michigan, sitting by designation.

Administration Medical Center in Mountain Home, Tennessee ("VAMC"), committed medical malpractice by failing to timely diagnose and treat Mr. Eiswert's PTSD.

United States District Judge J. Ronnie Greer granted the Government's motion to dismiss and dismissed the case with prejudice on the essential grounds that, this being a medical malpractice case, certain substantive aspects of Tennessee procedural law were not followed; Plaintiffs appealed.

Because we find that Tennessee case law in this area is unsettled, as a matter of comity and respect for our colleagues on the Supreme Court of Tennessee, we *sua sponte* certify the question set forth in Part III of this order pursuant to Rule 23 of the Supreme Court of Tennessee.

## I. BACKGROUND

### A. Factual Background

Mr. Eiswert enlisted in the United States National Guard in July of 2001 for an eight-year period. In 2003, he was called to active duty. He served in Iraq during Operation Iraqi Freedom in 2004 and 2005 and was honorably discharged from active duty in November 2005.

Following his discharge, Mr. Eiswert sought mental health counseling at the Nolichucky-Holston Center in Greeneville, Tennessee, a community mental health center unaffiliated with the Department of Veteran's Affairs ("VA"). During his treatment there, he received care from Ray White, LPC, MHSP. Based upon the diagnosis of PTSD by Mr. White, Mr. Eiswert applied to the VA for service-connected PTSD disability.

Mr. Eiswert was later evaluated for PTSD at the VAMC by Patrick J. MacMillan, M.D. Following this evaluation, Dr. MacMillan concluded that "veteran has current diagnosis of depression, NOS. He [describes] symptoms of Post-Traumatic Stress Syndrome, however not enough to meet criteria." (R. 1 at 6, ID 6) As a result, the VA denied Mr. Eiswert's application

2

for service-connected PTSD disability. The VA denied Mr. Eiswert's application two additional times.

On May 16, 2008, Mr. Eiswert committed suicide. On August 13, 2008, the VA reversed its three prior denials and found that Mr. Eiswert was entitled to service-connected PTSD, retroactively applying this decision to March 28, 2007, over 13 months prior to Mr. Eiswert's death. This was later amended to grant Mr. Eiswert an earlier effective date of February 9, 2007, more than 15 months prior to his death.

## B. Procedural Background

Plaintiffs filed the claims asserted in this action with the VA, thereby initiating the FTCA-mandated pre-suit administrative process required by 28 U.S.C. § 2675. The claim was denied. Plaintiffs sought reconsideration, which was also denied.

Plaintiffs subsequently filed a complaint in the Eastern District of Tennessee, claiming that the VA committed medical malpractice by failing, among other things, to properly diagnose Mr. Eiswert's PTSD and properly train and monitor his health care providers. Plaintiffs also claim that the VA's failure to award disability benefits to Mr. Eiswert contributed to his substandard care and led to his suicide. With their complaint, Plaintiffs attached two expert reports from psychiatrists stating that, within a reasonable degree of medical certainty, the VA's failure to timely recognize and treat Mr. Eiswert's service-connected PTSD directly contributed to his PTSD spiraling out of control and his eventual death.

In the first report, attached as Exhibit 1 to the complaint, William B. Land, M.D., reviewed Mr. Eiswert's extensive medical history and concluded that, within a reasonable degree of medical certainty, Mr. Eiswert received substandard medical care at the VA, and that the VA's failure to assign a service-connected disability due to PTSD further contributed to Mr. Eiswert's

substandard care and led to his eventual death. Dr. Land's report also included his curriculum vitae, showing that he is certified by the American Board of Psychiatry and Neurology and practices medicine in the state of Massachusetts. The second report, attached as Exhibit 3 to the complaint, was from James Sidney Alexander, M.D. Like Dr. Land, Dr. Alexander's report considered Mr. Eiswert's medical history and concluded that, had the VA timely recognized and treated Mr. Eiswert's PTSD, he almost certainly would not have killed himself. Dr. Alexander's report included his curriculum vitae, showing that he is certified by the American Board of Psychiatry and Neurology, has been licensed to practice medicine in the state of Tennessee since 1998, and continues to practice there to this day.[1]

On March 9, 2012, the Government filed a motion to dismiss for lack of subject matter jurisdiction on the grounds that (1) 38 U.S.C. § 511(a) foreclosed review of Plaintiffs' claims to the extent that they challenge the denial of VA benefits, and (2) Plaintiffs filed suit five months after Tennessee's three-year statute of repose extinguished their cause of action. After Plaintiffs filed their opposition to the Government's motion, the magistrate judge stayed consideration of the case pending this Court's decision in *Huddleston v. United States* to determine whether the statute of limitations contained within FTCA trumps Tennessee's three-year statute of repose for medical malpractice actions. *See* 485 F. App'x 744 (6th Cir. 2012). In *Huddleston*, this Court held that the district court's application of Tennessee's statute of repose does not violate the Supremacy Clause. Briefing resumed after the magistrate judge lifted the stay following the decision in *Huddleston*.

---

[1]Of these two reports, Dr. Alexander's report is particularly relevant because it appears to meet the competency requirements under Tenn. Code Ann. § 29-26-115, described in note 3, *infra.*

On January 24, 2013, before the magistrate judge ruled on the Government's pending motion to dismiss, the Government moved for permission to file a second motion to dismiss under Fed. R. Civ. P. 12(b)(6), arguing that Plaintiffs failed to comply with Tennessee's Healthcare Liability Act, Tenn. Code Ann. § 29-26-101 *et seq.* ("THCLA"). The magistrate judge granted the Government's motion.

On February 7, 2013, the Government filed an additional memorandum in support of its motion to dismiss, asserting that Plaintiffs' complaint should be dismissed for failure to comply with Tenn. Code Ann. §§ 29-26-121 and -122, which include mandatory provisions of the state malpractice law requiring pre-suit notice and certification of good faith, respectively.[2] In response, Plaintiffs argued that they had complied with section 121 by pursuing the FTCA-mandated pre-suit administrative process and with section 122 by filing the expert reports with the complaint. Plaintiffs also filed a motion to amend their complaint and attached a certificate of good faith to their proposed amended complaint, which also alleged compliance with Tenn. Code Ann. § 29-26-121. The magistrate judge denied leave to amend the complaint on grounds of futility.

The district court granted the Government's motion to dismiss for lack of subject matter jurisdiction and dismissed the case with prejudice. The district court held that, because the requirements of sections 121 and 122 are substantive and mandatory, Plaintiffs' failure to file a certificate of good faith under section 122 and to describe extraordinary cause for their noncompliance requires the case be dismissed with prejudice. The district court did not

---

[2]Section 121 requires a plaintiff who files a medical malpractice claim to provide defendant healthcare providers at least 60 days advance notice of the claim prior to filing suit. Tenn. Code Ann. § 29-26-121(a); *see also infra* note 5. Section 122 requires a plaintiff to file a "certificate of good faith" certifying that the medical malpractice claims alleged in the complaint had been vetted by a qualified expert and had merit. Tenn. Code Ann. § 29-26-122(a). See Part II.C., *infra*, for the relevant text.

expressly address whether Plaintiffs met the notice requirements under section 121, nor did it state whether the Tennessee statute of repose barred Plaintiffs' FTCA claim.

Subsequently, Plaintiffs filed a motion to alter or amend the judgment, arguing that (1) controlling Tennessee law had changed to permit substantial compliance with sections 121 and 122; and (2) the district court erred in finding that Plaintiffs did not substantially comply with section 122. The district court denied Plaintiffs' motion to alter or amend the judgment, holding that Tennessee law requires strict compliance with section 122.

## II. DISCUSSION

### A.

Rule 23 of the Supreme Court of Tennessee provides the Supreme Court of Tennessee with discretion to answer questions of Tennessee law certified to it by the federal courts. Rule 23 states that the Supreme Court of Tennessee "may, at its discretion, answer questions of law certified to it" from the United States Court Appeals, so long as we, the certifying court, determine (1) that "there are questions of law of [Tennessee] which will be determinative of the cause" and (2) that "there is no controlling precedent in the decisions of the Supreme Court of Tennessee" as to the matters at issue. Tenn. Sup Ct. R. 23, § 1. The Supreme Court of Tennessee has explained that "[r]ather than requiring a federal court to make the law of this state[,] . . . answering certified questions from federal courts promotes judicial efficiency and comity and also protects this state's sovereignty." *Renteria-Villegas v. Metro. Gov't of Nashville & Davidson Cnty.*, 382 S.W.3d 318, 320 (Tenn. 2012). Offering similar commentary on the virtues of certification, United States Supreme Court has recognized that "certification of novel or unsettled questions of state law for authoritative answers by a State's highest court . . . may save time, energy, and resources and help build a cooperative judicial federalism." *Arizonans for*

*Official English v. Arizona*, 520 U.S. 43, 77 (1997) (internal quotation marks and alterations omitted). This Court, as well, has held that certification "is most appropriate when the question is new and state law is unsettled." *Transamerica Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 372 (6th Cir. 1995).

**B.**

The central question in this case is whether Tennessee law requires strict compliance under section 122, specifically whether Plaintiffs' attachment of an expert report substantially complies with section 122's requirement that medical malpractice plaintiffs file a certificate of good faith with their complaint. Here, this case is proper for certification to the Supreme Court of Tennessee because (1) an answer from the Supreme Court of Tennessee will be determinative of the central question in the case—whether Plaintiffs' attachment of an expert report substantially complies with section 122; and (2) as described below, there is no controlling precedent from the Supreme Court of Tennessee on this question.

**C.**

Tenn. Code Ann. § 29-26-122 requires the filing of a "certificate of good faith" in all medical malpractice cases requiring expert testimony. Section 122 provides in relevant part as follows:

> (a) In any health care liability action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint. If the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause. The certificate of good faith shall state that:
>
> (1) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:

(A) Are competent under § 29-26-115[3] to express an opinion or opinions in the case; and

(B) Believe, based on the information available from the medical records concerning the care and treatment of the plaintiff for the incident or incidents at issue, that there is a good faith basis to maintain the action consistent with the requirements of § 29-26-115 . . . .

Tenn. Code. Ann. § 29-26-122(a).[4]

We are of the view that, to date, the Supreme Court of Tennessee has not expressly addressed whether substantial compliance may suffice under section 122 where, as here, a plaintiff files expert reports with the complaint attesting to the merits of the plaintiff's claims. In *Myers v. AMISUB (SFH), Inc.*, the Supreme Court of Tennessee held that because the filing of pre-suit notice under section 121[5] and a certificate of good faith under section 122 is mandatory rather than directory, these requirements are not subject to satisfaction by substantial compliance. 382 S.W.3d 300, 310 (Tenn. 2012). With respect to section 122, the Supreme Court of Tennessee indicated that this holding was necessary because no certificate of good faith was filed "*with the complaint.*" *Id.* (emphasis in original). It reserved judgment, however, on "whether

---

[3]Section 115 states that to be considered competent to testify, a physician must be "licensed to practice in [Tennessee] or a contiguous bordering state a profession or specialty which would make the person's expert testimony relevant to the issues in the case and had practiced this profession or specialty in one (1) of these states during the year preceding the date that the alleged injury or wrongful act occurred." Tenn. Code Ann. § 29-26-115.

[4]The Tennessee Administrative Office of the Courts has made available a standard form to simplify the process for filing a certificate of good faith. To certify compliance with the statutory requirements, this form requires the checking of a box, the number of prior violations of the statute, and the signature of the plaintiff or the plaintiff's counsel. *See Certificate of Good Faith in Medical Malpractice Case – Plaintiff's Form*, Tennessee Administrative Office of the Courts, http://www.tsc.state.tn.us/sites/default/files/certificate_of_good_faith_-_med_mal_case_plaintife_form_revised_924.pdf (last visited May 20, 2015).

[5]Tenn. Code Ann. § 29-26-121 requires, in relevant part, that "[a]ny person . . . asserting a potential claim for health care liability shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based upon health care liability in any court of this state." *Id.* § 29-26-121(a)(1).

8

the statutes' requirements as to the *content* of the notice and the certificate of good faith may be satisfied by substantial compliance." *Id.* (emphasis added).

Subsequent Tennessee Supreme Court cases have held that "[t]he content and affidavit requirements of Tennessee Code Annotated sections 29-26-121(a)(2), (a)(3), and (a)(4) are not mandatory, but directory, and can be achieved through substantial compliance." *Arden v. Kozawa*, No. E2013-01598-SC-R11-CV, 2015 WL 3958180, at *3 (Tenn. June 30, 2015); *see also Thurmond v. Mid-Cumberland Infectious Disease Consultants, PLC*, 433 S.W.3d 512 (Tenn. 2014) (allowing substantial compliance under section 121(a)(3)(B) and (a)(4), which set forth notice and affidavit of service requirements); *Stevens ex rel. Stevens v. Hickman Cmty. Health Care Servs., Inc.*, 418 S.W.3d 547 (Tenn. 2013) (allowing substantial compliance under section 121(a)(2)(E), which requires HIPAA-compliant access to plaintiff's medical records). In each of these cases, the Supreme Court of Tennessee has stated that strict compliance with a technical requirement will not be required (1) so long as the purpose of the pre-suit notice statute is satisfied, and (2) unless strict compliance is essential to avoid prejudicing a defendant. *Arden,* 2015 WL 3958180, at *4; *Thurmond,* 433 S.W.3d at 520-21; *Stevens,* 418 S.W.3d at 554-55. Because these cases concern section 121, section 122's twin provision in the state tort-reform statute, they indicate that substantial compliance under section 122 may also be permissible.

Similarly, a recent Tennessee Supreme Court case, *Davis ex rel. Davis v. Ibach*, No. W2013-02514-SC-R11-CV, 2015 WL 3451613 (Tenn. May 29, 2015), held that section 122(d)(4) does not require disclosure of the absence of any prior violations of the statute. *Id.* at *3. This decision expressly overruled *Vaughn v. Mountain States Health Alliance*, No. E2012-01042-COA-R3CV, 2013 WL 817032 (Tenn. Ct. App. Mar. 5, 2013), a Tennessee Court of

Appeals case holding that a plaintiff's failure to disclose the absence of prior violations under section 122(d)(4) requires dismissal.

**D.**

Based on our reading of the cases discussed above, the most that we can say is that this area remains unclear and unsettled, and that there is no controlling precedent from the Supreme Court of Tennessee on the question of whether, under the circumstances presented here, Plaintiffs have substantially complied with the requirements of section 122. In light of the question reserved in *Myers*, the subsequent substantial compliance standard under section 121 announced in *Stevens*, *Thurmond*, and *Arden*, and the holding of *Davis* suggesting a move toward substantial compliance under section 122, we believe that the question is best decided by the Supreme Court of Tennessee. Accordingly, we **CERTIFY** the following question to the Supreme Court of Tennessee.

**III. CERTIFICATION TO THE SUPREME COURT OF TENNESSEE**

**A.**

Having set out in detail the factual and legal basis for Plaintiffs' claims on appeal and demonstrated that they are governed by rules of Tennessee state law, we respectfully certify to the Supreme Court of Tennessee the following question:

> Does a complaint signed by plaintiff's counsel, which attaches an expert report, signed by an expert who meets the competency requirements of Tennessee Code Annotated § 29-16-115, stating that the expert believes within a reasonable degree of medical certainty that the defendant's acts or omissions resulted in harm to the plaintiff substantially comply with Tennessee Code Annotated § 29-26-122?

10

**B.**

In accordance with Rule 23 of the Supreme Court of Tennessee, we provide the following required information:

**(A)** **Style of the case:**

*Eiswert et al. v. United States*, No. 14-6125

**(B)** **Facts and questions of law:**

The facts out of which the questions of Tennessee state law arise and the questions themselves have been explained, *supra*.

**(C)** **Names of the parties:**

Tracy Lynn Reece Eiswert and Christina Reece

The United States of America

**(D)** **Names, addresses, and telephone numbers of counsel for both parties:**

Counsel for Tracy Lynn Reece Eiswert and Christina Reece:

J. Gerard Stranch, IV and Benjamin Andrew Gastel
Branstetter Stranch & Jennings, PLLC
227 Second Avenue North, Fourth Floor
Nashville, TN 37201-1631
(615) 254-8801

D. Bruce Shine and Rodney B. Rowlett, III
Shine & Rowlett
433 East Center Street, Suite 201
Kingsport, Tennessee 37660
(423) 246-8433

Cristóbal Bonifaz and John C. Bonifaz
Law Offices of Cristóbal Bonifaz
180 Maple Street
PO Box 180
Conway, MA 01341
(413) 369-4263

Counsel for the United States of America:

Joyce R. Branda, Acting Assistant Attorney General
William C. Killian, United States Attorney
Mark Stern and Sushma Soni, Attorneys, Appellate Staff
Civil Division, Room 7218
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530-0001
(202) 514-4331

**(E)** **Designation of one of the parties as the moving party:**

Although neither side has sought certification, we designate Plaintiffs-Appellants Tracy Lynn Reece Eiswert and Christina Reece as the moving parties.

## C.

Accordingly, it is **ORDERED** that the above question be certified to the Supreme Court of Tennessee. In accordance with Rule 23, section 4, Ms. Deborah S. Hunt, Clerk of the United States Court of Appeals for the Sixth Circuit, is instructed to serve copies of this certification order upon counsel for the parties and to file this certification order under the seal of this Court with the clerk of the Supreme Court of Tennessee, along with appropriate proof of service.

This Order of Certification has been prepared by Judge Cohn, and is entered by Judge Moore, as the Judge presiding in this Court.

**FOR THE COURT:**

*Karen Nelson Moore*
KAREN NELSON MOORE
United States Circuit Judge