**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 16a0053n.06

No. 14-6125

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 27, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| TRACY LYNN REECE EISWERT and CHRISTINA REECE, | ) ) ) | |
| **Plaintiffs-Appellants,** | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE |
| v. | ) ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| **Defendant-Appellee.** | ) ) ) | **OPINION** |

**Before: MOORE and COOK, Circuit Judges; COHN, District Judge.***

**AVERN COHN, District Judge.** This is a case under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.*, arising out of the death of Scott Walter Eiswert ("Eiswert"), a veteran of the United States Armed Forces who took his life following his battle with service-connected Post-Traumatic Stress Syndrome ("PTSD"). Following exhaustion of the FTCA-mandated pre-suit administrative process, Plaintiffs-Appellants Tracy Eiswert, Eiswert's widow, and Christina Reece, Eiswert's step-daughter (collectively, "Plaintiffs") filed this case against the government, claiming medical malpractice by failing to timely diagnose and treat Eiswert's PTSD.

As explained below, the district court dismissed the case on the grounds that Plaintiffs failed to comply with an aspect of Tennessee law related to medical malpractice actions. We

---

*The Honorable Avern Cohn, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

certified a question to the Tennessee Supreme Court. The Tennessee Supreme Court declined to answer the certified question because it was not outcome determinative. In light of the declination by the Tennessee Supreme Court, the matter must be remanded to the district court for consideration of unresolved issues.

I.

The district court dismissed the case on the ground that Plaintiffs failed to comply with Tenn. Code Ann. § 29-26-122, which requires medical malpractice plaintiffs to file a "certificate of good faith" with the complaint. Rather than filing a certificate of good faith, Plaintiffs attached two expert medical reports stating that, within a reasonable degree of medical certainty, Plaintiffs' claims had merit. Plaintiffs had argued that the attachment of the expert medical reports substantially complies with § 122, which the district court rejected, holding that § 122 requires strict compliance.

We concluded that Tennessee case law in this area is unsettled and certified the following question pursuant to Rule 23 of the Supreme Court of Tennessee:

> Does a complaint signed by plaintiff's counsel, which attaches an expert report, signed by an expert who meets the competency requirements of Tennessee Code Annotated § 29-26-115, stating that the expert believes within a reasonable degree of medical certainty that the defendant's acts or omissions resulted in harm to the plaintiff substantially comply with Tennessee Code Annotated § 29-26-122?

The Tennessee Supreme Court declined to answer the question, stating:

> There remains unresolved in this case the issue of the plaintiffs' compliance with the pre-suit notice requirement under Tennessee Code Annotated section 29-26-121. That issue was raised by the defendant in its motion to dismiss in the District Court but was not addressed by that court. This Court's answer to the certified questions, therefore, will not necessarily be determinative of this cause.

II.

We agree with the Tennessee Supreme Court that the issue of whether the complaint satisfies § 121[1] should be first addressed by the district court. A remand is therefore appropriate for the district court to address this and any additional unresolved issues.[2]

On remand, we note several decisions which may inform the analysis of the unresolved issues. First, in *Huddleston v. United States*, 485 F. App'x 744, 746 (6th Cir. 2012), a panel of this Court held that "applying Tennessee's statute of repose to FTCA plaintiffs does not run afoul of the Supremacy Clause." We did not decide, however, "whether Huddleston could bring suit if he had filed his administrative claim with the VA within three years" because Huddleston did not file his VA claim until after the statute of repose had lapsed. *Id.*; *see also Kennedy v. United States Veterans Admin.*, 526 F. App'x 450, 455 (6th Cir. 2013) ("The Huddleston court expressly left open the question whether a claim properly before the appropriate administrative agency within the statutory repose period is extinguished if it is then filed with the district court in compliance with the FTCA but outside of the statute of repose"). Here, as the district court acknowledged, Plaintiffs filed the administrative claim within three years. R. 61 (Dist. Ct. Order at 6) (Page ID #1184). In dismissing the complaint, the district court discussed "[t]his unanswered question," but concluded that it need not be resolved because Plaintiffs did not file a certificate of good faith under § 122. *Id.*

---

[1] Section 121 requires a plaintiff who files a medical malpractice claim to provide defendant healthcare providers at least 60 days advance notice of the claim prior to filing suit. Tenn. Code Ann. § 29-26-121(a).

[2] Although not discussed by the Tennessee Supreme Court, the government initially moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that Plaintiffs failed to file the complaint within Tennessee's three-year statute of repose, Tenn. Code Ann. § 29-26-116(a)(3). The district court did not consider this issue, which may also be dispositive.

Furthermore, as we noted in our certification order, the Tennessee Supreme Court has clarified its opinion in *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 310 (Tenn. 2012), and has since "held that '[t]he content and affidavit requirements of [section 121] . . . can be achieved through substantial compliance.'" *Eiswert v. United States*, 619 F. App'x 483, 488 (6th Cir. 2015) (quoting *Arden v. Kozawa*, 466 S.W.3d 758, 762 (Tenn. 2015)); *see also Thurmond v. Mid-Cumberland Infectious Disease Consultants, PLC*, 433 S.W.3d 512 (Tenn. 2014); *Stevens ex rel. Stevens v. Hickman Cmty. Health Care Servs., Inc.*, 418 S.W.3d 547 (Tenn. 2013). These subsequent cases interpreting § 121 post-date the district court's dismissal of Plaintiffs' claim. Moreover, the Tennessee Supreme Court recently held in *Davis ex rel. Davis v. Ibach*, 465 S.W.3d 570, 574 (Tenn. 2015), that § 122 does not require that the certificate of good faith disclose the number of prior violations of the section if neither the plaintiff nor plaintiff's counsel has committed any violations. This intervening case law may bear upon the issue of whether § 122 also permits substantial compliance and whether Plaintiffs substantially complied.

III.

Accordingly, this matter is REMANDED to the district court for further proceedings consistent with this opinion.