IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 25, 2016 Session

**TIFFINNE WENDALYN GAIL RUNIONS, ET AL. v. JACKSON-MADISON
COUNTY GENERAL HOSPITAL DISTRICT, ET AL.**

**Direct Appeal from the Circuit Court for Madison County
No. C-14-46     Donald H. Allen, Judge**

**No. W2016-00901-COA-R9-CV – Filed February 7, 2017**

BRANDON O. GIBSON, J., concurring in part and dissenting in part.

I concur in the majority opinion's denial of West Tennessee Health Network and West Tennessee Healthcare, Inc.'s Motion to Dismiss and/or for Summary Judgment. Like the majority, I express no opinion whatsoever on whether dismissal of these two parties might be appropriate under other theories.

However, I must respectfully dissent from the majority opinion's holding that pre-suit notice was provided to the District and that amendment of Ms. Runions' complaint was proper. The majority opinion states: "we cannot ignore the unmistakable acknowledgement from Ms. Zamata's letter that Ms. Runions did, in fact, provide written notice of a potential claim against the District." Herein lies my disagreement with the majority opinion.

This Court considered a very similar factual scenario in *Shockley v. Mental Health Cooperative, Inc.*, 429 S.W.3d 582 (Tenn. Ct. App. 2013) (perm. app. denied). The majority opinion provides a thorough summary of the *Shockley* decision. In *Shockley*, the Cooperative filed a motion to dismiss the lawsuit against it. On appeal, Shockley contended that pre-suit notice was proper even though the notice did not specify the full correct legal name of the health care provider. As we said in *Shockley*:

> Appellant first contends that the statute's enumerated requirements are met in this case. Specifically, Appellant argues that the pre-suit notice contained all of the information outlined at Tennessee Code Annotated Section 29-26-121(a)(2), but (as stated in Appellant's brief) "[n]otably absent from Tenn. Code Ann. § 29-26-121(a)(2) is any requirement that the claimant specify the full correct legal name of the health care provider in the corpus of the

notice." Accordingly, Appellant contends that, "[i]f the legislature had intended for a claimant to ... specify the full correct legal name of the health care provider, then it would have said so. It did not." Respectfully, we disagree. At Tennessee Code Annotated Section 29-26-121(a)(1), the Legislature specifies that the pre-suit notice shall be given "to each health care provider that will be named a defendant." This language is clear and unambiguous and requires pre-suit notice be sent to the provider that will be named as a defendant. Here, it is undisputed that the Foundation was neither a health care provider, nor was the Foundation a proper defendant to this lawsuit. It is axiomatic that the proper party be given pre-suit notice under 29-26-121(a)(1). **Sending the pre-suit notice to a party that is not going to be named as a defendant is of no effect under subsection 121(a)(1).**

*Id*. at 590 (emphasis added).

The trial court in this case determined that the case at hand was factually distinguishable from *Shockley*. In my view, the question before us is whether the letter from Laura Zamata so factually distinguishes this case from *Shockley* so as to require a different result. I do not believe it does. Ms. Runions argues that the letter from Laura Zamata is evidence that she satisfied the pre-suit notice requirement of Section 29-26-121 by giving the District actual notice. The trial court also based its ruling on the letter sent from Ms. Zamata, as does the majority.

Because the letter is central to Ms. Runions' claim that she gave adequate pre-suit notice, as well as central to the majority's holding, the body of the letter is set forth below[1]:

---

[1]Ms. Zamata's signature appears in the appellate record. Her signature has been intentionally omitted from this letter due to this document's availability online.

2



620 Skyline Drive • Jackson, Tennessee 38301 • 731-541-5000 • www.wth.org

October 25, 2013

VIA FIRST CLASS U.S. MAIL

Mr. Mark Geller
Nahon Saharovich & Trotz
Attorneys At Law
488 South Mendenhall Road
Memphis, TN 38117

Re:  Patient:  Laileeana Wendalee Scott (deceased)
     Claimant:  Tiffinne Wendalyn Gail Runions
     Your case Number:  239446

Dear Mr. Geller:

I am in receipt of your letter dated October 18, 2013, referencing a claim on behalf of Tiffinne Wendalyn Gail Runions for patient, Laileeana Wendalee Scott (deceased). The District is a governmental entity and has elected to be self-insured, therefore, there is no insurance carrier.

Please be advised that as the Director of Risk Management, I am your designated contact for the above referenced claim and all correspondence and telephone inquiries should be directed to me unless you are notified otherwise.

If you have any questions, please feel free to contact me via mail or telephone number (731) 541-8713. My mailing address is: JMCGH, 620 Skyline Drive, Jackson, TN 38301

Very truly yours,

Laura Zamata
Director Risk Management



EXHIBIT
A

- Ayers Children's Medical Center
- Bolivar General Hospital
- Bradford Family Medical Center
- Camden Family Medical Center
- Camden General Hospital
- CardioThoracic Surgery Center
- East Jackson Family Medical Center
- Emergency Services
- Employer Services
- Gibson General Hospital
- Humboldt General Hospital
- Jackson-Madison County General Hospital
- Kirkland Cancer Center
- Kirsula Center for Child Development
- Medical Center EMS
- Medical Center Home Health
- Medical Center Infusion Services
- Medical Center Laboratory
- Medical Center Medical Products
- Medical Clinic of Jackson
- MedSouth Medical Center
- Milan General Hospital
- Pathways Behavioral Health Services
- Physician Services
- Sports Plus Rehab Centers
- Tennessee Heart and Vascular Center
- West Tennessee Healthcare Foundation
- West Tennessee Imaging Center
- West Tennessee Neurosciences
- West Tennessee OB/GYN Services
- West Tennessee Rehabilitation Center
- West Tennessee Surgery Center
- West Tennessee Women's Center
- Work Partners
- Work Plus Rehab Center

485

The majority opinion says "[i]t belies common sense to suggest that Ms. Zamata's letter does not show that the District was aware of a potential health care liability claim against it." The majority goes on to say: "[a]lthough we do not hold that the District was required to treat these [notice] letters as signaling a potential health care liability claim against the District, Ms. Zamata's letter clearly evidences that the District did so. The District did not sit back idly, leaving it in a position to later assert ignorance as to whether it had received notice of a potential claim against it. Instead, it recognized that the pre-suit notice letters *were directed to it*, despite what the letters themselves stated." (Emphasis added.) I simply cannot agree that Ms. Zamata's letter recognizes that "pre-suit notice letters *were directed to*" the District. Arguably, the letter might suggest a recognition that pre-suit notice *should have been* directed to the District, but the fact remains that it was not. "Pre-suit notice is mandatory, and section 29-26-121(a)(1) demands strict compliance." *Arden v. Kozawa*, 466 S.W.3d 758, 762-63 (Tenn. 2015).

3

I also question whether the majority opinion encourages recipients of pre-suit notice to "sit back idly," waiting for an opportunity to assert ignorance as to whether it received notice of a claim. In this particular case, Ms. Runions was at least put on notice on or about October 25, 2013, weeks before the expiration of the statute of limitations, that the District existed. Why, then, is the burden not on Ms. Runions to provide pre-suit notice to the District as contemplated by the Healthcare Liability Act?

Section 29-26-121(a) requires that a person "asserting a potential claim for health care liability shall give written notice of the potential claim to each health care provider that will be named a defendant . . . ." If we are to carry out the Legislature's intent without broadening the scope of the statute, we must ask if Ms. Runions gave notice of the potential claim to the District. Given the plain statutory language and the *Shockley* court's statement that "[s]ending the pre-suit notice to a party that is not going to be named as a defendant is of **no effect** under subsection 121(a)(1)[,]" I do not believe Ms. Runions gave proper notice. As this Court recognized in *Shockley*, I also recognize the potentially "harsh result," but we should be constrained by the plain language of the Tennessee Health Care Liability Act. "The requirements of these statutes are precisely stated. The statutes provide clear guidance and detailed instruction for meeting those requirements, and it is not our prerogative to rewrite the statutes." *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 310 (Tenn. 2012).

As a result of my position that notice to the District was improper, I therefore believe the amendment to Ms. Runions' complaint was futile and should have been denied by the trial court.

_____
BRANDON O. GIBSON, JUDGE

4