FILED
Nov 07, 2025
01:09 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Jerry R. Burkes | Docket No. 2023-03-8195 |
| v. | State File No. 7260-2023 |
| Sysco Knoxville, LLC, et al. | |
| Appeal from the Court of Workers' Compensation Claims Lisa A. Lowe, Judge | |

---

**Affirmed and Certified as Final**

---

In this compensation appeal, the employee questions the trial court's denial of his request for extraordinary benefits. The employee suffered a compensable knee injury, and the parties settled the employee's claim based on his impairment rating and with the employee retaining his right to future medical treatment for the injury. At the end of his initial compensation period, the employee filed a petition for benefit determination seeking additional permanent disability benefits. After the compensation hearing, but before the court had issued its compensation order, the employee filed a post-hearing motion to supplement the record, to which the employer filed an objection and motion to strike. The trial court issued a compensation order in which it granted the employer's motion to strike the employee's motion to supplement, awarded increased benefits, and denied the employee's request for extraordinary benefits. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's decision and certify it as final.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Jerry R. Burkes, Hubert, North Carolina, employee-appellant, pro se

Jenna M. Macnair, Nashville, Tennessee, for the employer-appellee, Sysco Knoxville, LLC

## Memorandum Opinion[1]

Jerry R. Burkes ("Employee") was working for Sysco Knoxville, LLC ("Employer") when he slipped and fell, injuring his left knee. Employer accepted the claim as compensable, and Employee received medical care from Michael McCollum, M.D. Dr. McCollum diagnosed Employee with partial medial and lateral meniscus tears and osteoarthritis, and he recommended surgery to repair the tears. Following surgery, Dr. McCollum released Employee at maximum medical improvement on August 3, 2023, with a 10% permanent medical impairment pursuant to the American Medical Association's Guides to the Evaluation of Permanent Impairment, 6th Edition. He placed Employee on light duty restrictions for an additional three weeks, after which Employee was released to return to work full duty. Throughout the course of Employee's medical treatment, and during his final appointment with Dr. McCollum, Employee expressed concern as to whether he would be able to work for Employer due to the lifting requirements of the job. Employee returned to work at full duty on August 24, 2023, but he resigned soon thereafter and subsequently moved to North Carolina.

The parties reached a settlement for initial benefits based on Employee's 10% impairment rating, which the trial court approved in February 2024. Employee's initial 45-week compensation period expired on July 4, 2024, and Employee timely filed a new petition for additional permanent disability benefits. By that time, Employee had selected a new authorized physician in North Carolina to provide any ongoing treatment.[2]

At the July 18, 2025 hearing on Employee's request for additional permanent disability benefits, Employee testified that he had worked for another company making less than he did while working for Employer but that he was unemployed at the time of the hearing.[3] He further testified that although he resigned from Employer, it was because he did not think he could perform his job after his knee injury. Employee testified that he had asked Dr. McCollum to complete the Physician Certification Form required by Tennessee Code Annotated section 50-6-242(a)(2)(B) to establish that he could no longer perform his pre-injury occupation. However, he testified that Dr. McCollum never responded to his request.

Following the hearing, but before the trial court issued an order, Employee filed a post-hearing motion to supplement the record. Among other things, Employee requested that the court review information regarding his hiatal hernia, which he believed was related to his knee injury, documentation regarding a potential impairment for gait derangement,

---

[1] This decision is being filed pursuant to Tenn. Comp. R. and Regs. 0800-02-22-.03(1) (2023).

[2] The record indicates Employee suffered another injury to his left knee. In light of the subsequent injury, the parties were attempting to determine what treatment arose primarily from *this* knee injury.

[3] We have no properly-filed transcript for review, so we glean our understanding of the in-person testimony from the trial court's compensation order.

and a statement regarding his need to sell his house at a loss due to his loss of income as a result of his injury. Employer objected to Employee's motion to supplement, pointing out that Employee had not received the judge's advance approval to submit a post-hearing brief as required by Tenn. Comp. R. and Regs. 0800-02-21-.20(2).

The trial court issued its compensation order on August 1, 2025, awarding Employee increased benefits but denying his request for extraordinary benefits. The trial court found that Employee resigned his job with Employer due to his injury, that he had not returned to work for another employer making the same or greater rate of pay at the end of his initial benefit period, and that he was over the age of 40, resulting in an award of increased benefits of $18,796.36. The court also determined Employee was not entitled to extraordinary benefits as described in Tennessee Code Annotated section 50-6-242(a)(2)(B) because he did not meet the statutory requirements to receive those benefits. Specifically, Employee failed to file a completed Physician Certification Form as required by the statute. Finally, the trial court granted Employer's motion to strike Employee's post hearing motion to supplement the record. Employee has appealed.

In his notice of appeal, Employee states the trial court "erred in denying extraordinary relief . . . despite meeting the statutory criteria, and [in] excluding supplemental post-hearing evidence." In Employee's brief on appeal, he contends the trial court denied his claims for additional benefits entirely, but in his reply brief to Employer, Employee focuses his argument on the trial court's denial of extraordinary benefits, arguing that he "substantially complied" with the requirements of subsection 242(a)(2)(B).[4]

The interpretation and application of statutes and regulations are questions of law that we review de novo with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). In determining whether the requirements of Tennessee Code Annotated section 50-6-242 can be met through "substantial compliance," we must look at the statutory construction of subsection 242(a)(2)(B). *See Arden v. Kozawa*, 466 S.W.3d 758, 764 (Tenn. 2015). As we stated previously:

> When construing a statute, our goal is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope. We determine legislative intent from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning. Further, [the statute] provides that the workers' compensation statutes shall not be remedially or liberally construed but shall

---

[4] Employee presented no argument in either brief regarding how he contends the trial court erred in excluding the documentation he attempted to file associated with his motion to supplement the record. Thus, we consider that issue waived. *See Moore & Seiferth v. Ingles Markets, Inc.*, No. 2015-02-0193, 2015 TN Wrk. Comp. App. Bd. LEXIS 54, at *4 (Tenn. Workers' Comp. App. Bd. Nov. 4, 2015).

be construed fairly, impartially, and in accordance with basic principles of statutory construction, and this chapter shall not be construed in a manner favoring either the employee or the employer. In addition, we must construe a statute so that no part will be inoperative, superfluous, void, or insignificant. We are required to give effect to every word, phrase, clause, and sentence of the act in order to achieve the Legislature's intent and we must construe a statute so that no section will destroy another.

*Thompson v. Comcast Corporation*, No. 2017-05-0639, 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at \*24-25 (Tenn. Workers' Comp. App. Bd. Jan. 30, 2018) (internal citations and quotation marks omitted). Before a court can award extraordinary benefits, the workers' compensation judge must first find, *based on clear and convincing evidence*, that limiting the employee's recovery to increased benefits would be "inequitable in light of the totality of the circumstances." Tenn. Code Ann. § 50-6-242(a)(2). The judge also must "make specific, documented findings" that the following criteria are met:

(A) The employee has been assigned an impairment rating of at least ten percent (10%) to the body as a whole . . . by the authorized treating physician;

(B) The authorized treating physician has certified *on a form provided by the bureau* that due to the permanent restrictions on activity the employee has suffered as a result of the injury the employee no longer has the ability to perform the employee's pre-injury occupation . . . ; and

(C) The employee is not earning an average weekly wage or salary that is greater than or equal to seventy percent (70%) of the employee's pre-injury average weekly wage or salary.

Tenn. Code Ann. § 50-6-242(a)(2)(A)-(C) (emphasis added). The General Assembly's requirement that the workers' compensation judge make detailed and specific findings is at odds with Employee's argument that substantial compliance is sufficient to permit the judge to award extraordinary benefits. Moreover, Employee has not described how he substantially complied with the requirements of subsection 242(a)(2)(B), and he has presented no Physician Certification Form. Although the statute gives discretion to the trial court whether to award extraordinary benefits *if* the form is provided (and the other criteria are met), the statute affords no discretion to award benefits when no Physician Certification Form has been filed. In short, the Physician Certification Form is a statutory requirement, and its absence is fatal to Employee's claim for extraordinary benefits. As such, we find no error in the trial court's denial of extraordinary benefits. For the foregoing reasons, we affirm the decision of the trial court and certify the order as final. Costs on appeal are waived.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

Jerry R. Burkes

v.

Sysco Knoxville, LLC, et al.

Docket No. 2023-03-8195

State File No. 7260-2023

Appeal from the Court of Workers'
Compensation Claims
Lisa A. Lowe, Judge

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 7th day of November, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Jerry R. Burkes | | | | X | burkesjerry5@gmail.com |
| David Drobny Jenna M. Macnair | | | | X | ddrobny@manierherod.com jmacnair@manierherod.com mgrimmig@manierherod.com |
| Lisa A. Lowe, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov