# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### September 2004 Session

## CYNTHIA LYNN ALSTON HOUSTON JOHNSTON v. WALTER REX HOUSTON

**An Appeal from the Circuit Court for Shelby County**
**No. 131541     Robert L. Childers, Judge**

---

### No. W2003-02915-COA-R3-CV - Filed December 30, 2004

---

This is a child support case.  The parties divorced in 1991 and were awarded joint custody of their three minor children.  Since the divorce, the parties have been engaged in an ongoing legal battle over child support issues.  In May 2002, the trial court confirmed the findings of a special master, resolving all disputes except for child support for years 2001, 2002, and 2003.  In September 2003, the parties agreed to use the findings of the special master to calculate the remaining child support issues.   The mother filed a proposed consent order.  After she received no response, she filed a motion for summary judgment, which was granted.  The grant of summary judgment to the mother resolved the remaining issues.  The father appealed the grant of summary judgment arguing, *inter alia*, that the report of the special master was "clearly erroneous."   We affirm the findings of the trial court with modifications, and grant the mother's request for attorney's fees.

### Rule 3 Appeal; Judgment of the Circuit Court is affirmed

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which W. FRANK CRAWFORD, P.J., W.S. and DAVID R. FARMER, J., joined.

William T. Winchester, Memphis, for the appellant Walter Rex Houston.

Joy T. Bomar, Memphis, for the appellee Cynthia Lynn Alston Houston Johnston

### OPINION

        This appeal is the culmination of years of contentious litigation over child custody and child support.  Defendant/Appellant Walter Rex Houston ("Father") and Plaintiff/Appellee Cynthia Lynn Alston Houston Johnston (" Mother") were divorced on May 16, 1991.  They had three minor children, ages 10, 8 and 6 years old.  The divorce decree awarded physical custody of the children to Mother, joint legal custody to both parties, with Mother to make the final decision in case of

impasse. In the ensuing years, numerous pleadings, motions and other documents were filed.[1] In this Opinion, we summarize only those proceedings necessary to determine the issues on appeal.

On October 13, 1999, Mother filed a Motion for Order Appointing Special Master in order to resolve the ongoing custody and financial disputes between the parties. In an effort to facilitate a settlement of the financial issues, the Motion requested that the special master investigate and render an accounting for all sums owed to the parties, with costs to be equally divided by the parties. Father objected, claiming that the appointment of a special master was an unnecessary expense. On June 21, 2000, the trial court judge ordered that the matter be referred to the Divorce Referee, with the stipulation that if the Referee determined that the issues were too complex, the matter would be referred to a special master.

A year later, in an order dated April 12, 2001, the trial court judge appointed attorney William Zoccola as Special Master, to "investigate and render an opinion as to outstanding child support, medical arrearage, child support interest, income tax deduction/exemption allowance for the child(ren) and any other outstanding children's financial issues in this cause." The order stated that the parties agreed to the appointment of a Special Master, agreed to evenly divide the fees of the Special Master, and agreed that the findings "shall be binding upon both parties."

The Special Master filed a report detailing his findings on February 12, 2002. The Special Master's report includes a very detailed explanation of the Special Master's calculations and the documents on which he relied.

On May 30, 2002, Father filed an objection to the report of the Special Master, alleging that the Special Master made numerous errors in computing the amount of child support owed and the amount of interest owed. The next day, the trial judge heard arguments on the issues. The appellate record does not include a transcript of this hearing. The hearing resulted in an Order Confirming Report of Special Master; Order on Outstanding Issues; and Order of Support Pursuant to the Special Master (the "2002 Order"), dated December 12, 2002.

The trial court's relevant findings, as stated in the 2002 Order, were that (1) Father owed Mother $38,556.00 in child support; (2) Father owed Mother interest on his child support arrearages in the amount of $1,328.62; (3) fees owed to the Special Master totaled $6,000.00; (4) Mother had paid her share of the Special Master's fees; and (5) Father owed the Special Master $2,500. The order then reduced to judgment the award of child support and arrearage ($38,556.00 and $1,328.62 respectively). Father's $2,500 obligation to the Special Master was also reduced to judgment and characterized as child support. Finally, the order referred the only outstanding issue—determination of child support incurred after December 31, 2000—to the Divorce Referee.

Dissatisfied with the result of this hearing, Father filed a Motion to Alter, Amend or Reconsider [the 2002 Order] on January 13, 2003, again alleging that the report of the Special Master

---

[1]The parties were also represented by several attorneys in the course of the proceedings.

was "clearly erroneous," that the calculations were incorrect, and that fees awarded to the Special Master could not, under Tennessee law, be characterized as child support. This motion was denied on April 4, 2003.

After additional disputes between the parties, the trial court judge entered an order on September 4, 2003 (the "September 2003 Order") that rescinded the portion of the 2002 Order referring the outstanding issue of child support to a Divorce Referee. The September 2003 order stated that it was based

> upon argument by [Mother's] counsel; upon [Father's] counsel's representation to [Mother's] counsel and then to the Court that [Father] had authorized his counsel to settle the case; upon announcing the terms of the settlement to the Court; and upon the entire record in this cause.
>
> * * *
>
> [B]oth parties agree that any child support arrearage due and owing to either party pursuant to the Order of Reference [the 2002 Order] should be calculated pursuant to the 2000 calendar-year income as set forth in the Special Master, Will Zoccola's Report.

Thus, the September 2003 Order stated that Father agreed that the outstanding child support would be calculated in accordance with the Special Master's Report. The appellate record contains no indication that Father objected to this order.

On October 14, 2003, Mother filed a motion for summary judgment, in an attempt to conclude the remaining issue between the parties— the determination of child support incurred after December 31, 2000. The motion included a proposed consent order with a proposed final agreement, and a certificate of service stating that it was mailed to Father's counsel on September 11, 2003.

The proposed consent order stated that Mother owed Father $11,702.07 for child support for 2001 through 2002. The proposed consent order also summarized that Father owed Mother the following: (1) $38,556.00, which represented the child support arrearage from the 2002 Order; (2) $1,478 in child support for 2001; (3) $1,328.62, which represented the interest on the arrearage from the 2002 Order; and (4) $488.00, which represented interest for 2001, 2002, and 2003 on the arrearage from the 2002 Order. These amounts total $41,850.68. The record contains no indication that Father responded to this proposed consent order, or to Mother's motion for summary judgment. In an order dated November 21, 2003, the trial court granted Mother's motion for summary judgment. The trial court adopted the calculations from Mother's proposed consent order and held that Father owed Mother $30,148.61, which was the net amount of $41,850.68 (amount Father owed to Mother) less $11,702.07 (amount Mother owed to Father). The Order on Mother's motion for summary judgment stated expressly that it superceded the $38,556.00 judgment against Father from

the 2002 Order, and stated once again that the $2,500.00 fee to the Special Master would be designated as child support. From this order, Father now appeals.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *Id.* In *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993), our Supreme Court stated:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05 [now Rule 56.06] provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial.

*Id.* at 211 (citations omitted) (emphasis in original).

Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Bain*, 936 S.W.2d at 622. Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997).

On appeal, Father asserts that the Special Master failed to file a transcript with his report and, as a result, the trial court had no way to determine whether it agreed with the Special Master's finding. Father further asserts that the Special Master's conclusions were not supported by material evidence due to this failure to file a transcript.

The September 2003 Order clearly reflects an express agreement between the parties to rely on the report of the Special Master to calculate child support arrearages. The record contains no indication that Father objected to the terms of the September 2003 Order or to its characterization of the "agreement between the parties." Father cannot represent to the trial court his agreement, solemnized in the court's September 2003 Order, and then take a contrary position on appeal to this Court. It is well settled that a party will not be permitted to take a position on appeal that is contrary to a position in a lower court proceeding. *In re B.G.J.*, 2004 WL 1906446, at * 6 (Tenn. Ct. App. August 26, 2004) (citing *Clement v. Nichols,* 209 S.W.2d 23, 24 (1948); *Estate of Schultz v. Munford, Inc.,* 650 S.W.2d 37, 40 (Tenn. Ct. App.1982)). As a result, Father's argument, that the Special Master's Report is invalid, is rejected.

Father also argues on appeal that the trial court erred when it ordered Father to pay interest on child support arrearages for 2001, 2002, and 2003, but did not order Mother to pay interest on her arrearages for the same three-year period.[2] Father filed no response to Mother's motion for summary judgment and the record contains nothing to suggest that Father raised this objection to the trial court. Tennessee law is clear that an issue not raised in the trial court may not be raised for the first time on appeal. *In re B.G.J.*, 2004 WL 1906446, at *6 (Tenn. Ct. App. August 26, 2004) (citing *Simpson v. Frontier Cmty. Credit Union,* 810 S.W.2d 147, 153 (Tenn.1991)). As such, Father has waived this argument.

Father's final argument on appeal is that the fees of the Special Master cannot be assessed as child support. Although there is no Tennessee case law on point, in *Brown v. Brown*, No. 02A01-9709-CV-00228, 1998 WL 760935, at *9 (Tenn. Ct. App. Nov. 2, 1998) this Court held that an award of child support is statutory and, in the absence of statutory authority, fees such as the fee of a guardian ad litem are properly assessed as costs. The Order on Motion for Rule 11 Sanctions and Order on Motion to Alter or Amend, et al., dated April 4, 2003, cites *Graham v. Graham*, 204 S.W. 987 (Tenn. 1918) in support of the trial court's characterization of the of the Special Master as child support. In *Graham*, the court stated that "children are entitled to their reasonable counsel fees incurred on their behalf, otherwise they would be helpless to enforce their right of support and maintenance against a reluctant father." *Id*. at 989. The facts in *Graham* are quite different from those in the case at bar and the *Graham* court simply does not say that the fees of a Special Master, even one retained to calculate child support, can be characterized as child support. Mother cites no other authority to support the designation of the Special Master's fee as child support, and therefore we must conclude that the trial court erred in doing so. Under *Brown*, we must conclude that the Special Master's fee is properly designated as costs. Therefore, the trial court's order is hereby modified to assess the fees of the Special Master as costs. In all other respects, the trial court's order is affirmed.

On appeal, both Mother and Father request an award of costs and attorney's fees. Mother has also requested that any award of fees be designated in the nature of child support. Father's request is denied, and Mother's request is granted. Accordingly, we remand the cause to the trial court for a determination of the amount of legal fees incurred by Mother in defending this appeal. On remand, the trial court may consider Mother's request to characterize the award of attorney's fees as child support.

---

[2]Father's outstanding arrearage was offset by Mother's outstanding arrearage, and it was determined that Father owed a net arrearage to Mother. Appropriately, Father was ordered to pay interest on this net arrearage.

The decision of the trial court is affirmed as modified. Costs of this appeal are taxed to Father, Walter Rex Houston, for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE