IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 3, 2017

## MARVIN D. KINSEY v. JACOB P. SCHWARZ, ET AL.

**Appeal from the Circuit Court for Davidson County**
No. 16C839      Joseph P. Binkley, Jr., Judge

_____

### No. M2016-02028-COA-R3-CV

_____

A prison inmate filed a health care liability action against two physicians and a medical center without providing the defendants with pre-suit notice, as required by Tenn. Code Ann. § 29-26-121(a), and without attaching a certificate of good faith to the complaint, as required by Tenn. Code Ann. § 29-26-122. The defendants filed motions to dismiss, which the trial court granted. The inmate appealed, and we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., and KENNY W. ARMSTRONG, JJ., joined.

Marvin D. Kinsey, Wartburg, Tennessee, Pro Se.

Dixie W. Cooper and Kim J. Kinsler, Nashville, Tennessee, for the appellees, John C. Keith and TriStar Centennial Medical Center.

Jonathan Eric Miles and Renee Levay Stewart, Nashville, Tennessee, for the appellee, Jacob P. Schwarz.

## OPINION

### I. PROCEDURAL BACKGROUND

Marvin D. Kinsey filed a complaint on March 28, 2016, against John C. Keith, M.D., Jacob P. Schwarz, M.D., and TriStar Centennial Medical Center ("CMC"), asserting claims for health care liability as a result of what is alleged to have been a botched surgical procedure performed on his lower back. Dr. Schwarz filed a motion to dismiss at the end of June 2016 pursuant to Tenn. R. Civ. P. 12.02(6) based on Mr.

Kinsey's failure to file a certificate of good faith as required by Tenn. Code Ann. § 29-26-122, his failure to serve Dr. Schwarz with pre-suit notice as required by Tenn. Code Ann. § 29-26-121(a)(1), and his failure to file the requisite proof of statutory compliance with his complaint as required by Tenn. Code Ann. § 29-26-121(a)(4). The trial court held a hearing in July and entered an order on August 8, 2016, dismissing Mr. Kinsey's claims against Dr. Schwarz. Dr. Keith and CMC filed a motion to dismiss in August 2016 based on the same grounds as the motion filed by Dr. Schwarz. The trial court granted Dr. Keith and CMC's motion at the end of August 2016, and it made its earlier order granting Dr. Schwarz's motion to dismiss final after finding that "the grounds for the dismissal cannot be cured."

Mr. Kinsey appeals the trial court's dismissal of his complaint. He contends that the trial court erred in concluding that he failed to provide pre-suit notice to the defendants. Alternatively, he argues that he demonstrated extraordinary cause that the court should have found excused or waived his compliance with the statute. Mr. Kinsey also asserts that the trial court erred in concluding that he failed to demonstrate extraordinary cause to excuse his compliance with the statutory requirement that he file a good faith certificate with his complaint. Finally, Mr. Kinsey contends the trial court erred in making the order dismissing his complaint against Dr. Schwarz final on the basis that the grounds for dismissal could not be cured.

## II. ANALYSIS

### A. Standard of Review

A party that files a motion pursuant to Rule 12.02(6) asserts that the plaintiff has failed to state a claim upon which relief can be granted. TENN. R. CIV. P. 12.02(6). The motion "challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011); *see also Willis v. Tenn. Dep't of Corr.*, 113 S.W.3d 706, 710 (Tenn. 2003). A Rule 12.02(6) motion is resolved by examining the complaint alone; if the plaintiff can prove any set of facts in support of the claims asserted that would entitle it to relief, the trial court should deny the motion to dismiss. *Webb*, 346 S.W.3d at 426 (citing *Leggett v. Duke Energy Corp.*, 308 S.W.3d 843, 851 (Tenn. 2010); *Crews v. Buckman Labs. Int'l, Inc.*, 78 S.W.3d 852, 857 (Tenn. 2002)). The party filing the motion "'admits the truth of all the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action.'" *Phillips v. Montgomery Cnty.*, 442 S.W.3d 233, 237 (Tenn. 2014) (quoting *Webb*, 346 S.W.3d at 426) (further citations omitted). When ruling on Rule 12.02(6) motions, courts are to "'construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.'" *Id.* (quoting *Webb*, 346 S.W.3d at 426) (further citations omitted).

When a defendant files a motion to dismiss that is properly supported and is based on the plaintiff's failure to comply with Tenn. Code Ann. §§ 29-26-121 and -122, the plaintiff must demonstrate either that he or she complied with the statutory requirements or that he or she had "extraordinary cause for failing to do so." *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 307 (Tenn. 2012). The determination of whether a complaint should be dismissed for failure to state a claim is a question of law that appellate courts review de novo, with no presumption of correctness afforded to the trial court's decision. *Foster v. Chiles*, 467 S.W.3d 911, 914 (Tenn. 2015); *Phillips*, 442 S.W.3d at 237; *Webb*, 346 S.W.3d at 426.

Mr. Kinsey represented himself at trial and is representing himself on appeal as well. We have stated the following with respect to pro se litigants:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n. 4 (Tenn. Ct. App. 1995).

*Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003). Pro se litigants receive "a certain amount of leeway in drafting their pleadings and briefs," but they "should not be permitted to shift the burden of the litigation to the courts or to their adversaries." *Id.* at 63; *see Stewart v. Schofield*, 368 S.W.3d 457, 462 (Tenn. 2012) ("Pleadings prepared by pro se litigants untrained in the law should be measured by less stringent standards than those applied to pleadings prepared by lawyers."). Thus, we will look to the substance rather than the form of Mr. Kinsey's briefs in considering his arguments on appeal. *See Young*, 130 S.W.3d at 63.

## B. Tennessee Health Care Liability Act

In his complaint, Mr. Kinsey alleged that the defendants were liable for medical malpractice in connection with back fusion surgery he underwent in March 2015. According to Mr. Kinsey's complaint, Dr. Schwarz performed the surgery on March 11, 2015; Mr. Kinsey was discharged on March 15; and he was rushed back to the emergency room on March 26 after he experienced sharp pain while taking a shower. Mr. Kinsey

asserted that Dr. Keith was the emergency care physician who ordered x-rays on March 26 and that Dr. Keith failed to notice that one of the cadaver bones that had been inserted by Dr. Schwarz was out of place and had punctured the "cerebral tub (the tub that takes fluid and nerves to the brain)," causing some of Mr. Kinsey's nerves to be severed.  Mr. Kinsey alleged that as a result of the physicians' negligence, he is now partially paralyzed, he is confined to a wheelchair, and he has suffered nerve damage in his right leg.

Mr. Kinsey stated in paragraph twelve of his complaint that he attempted to give Drs. Schwarz and Keith pre-suit notice on February 8, 2016, "at their place of employment (or business address) by certified mail returned receipt as required by T.C.A. § 29-26-121(a)(3)(B)(i) and (4)," but that both notices were returned to him as "refused" by the defendants.  Mr. Kinsey attached as Exhibit 1 to his complaint a copy of the "Notice of Claim for Health Care Liability," "Certificate of Service," "Declaration of Mailing," and "Authorization to Furnish Medical Information:  HIPPA Compliance Form" that he asserted he sent to both Dr. Schwarz and Dr. Keith.  Mr. Kinsey also included in Exhibit 1 a photocopy of the certified mail forms he used that are postmarked February 9, 2016.  The notices and other documents were returned to Mr. Kinsey on February 25, 2016, and were marked by the post office as "return to sender; refused; unable to forward."

Mr. Kinsey initially filed his complaint on March 28, 2016.  He filed an amended complaint two days later, on March 30.  Mr. Kinsey failed to attach a certificate of good faith to either his initial or amended complaint.  The complaint was not served on Dr. Schwarz until June 10, 2016, and it was not served on CMC until July 26, 2016.  Dr. Keith asserts that he was never served with the complaint but that he filed a waiver of summons to allow the lawsuit to proceed.

Dr. Schwarz filed a motion to dismiss the complaint on June 30, 2016, based on Mr. Kinsey's failure to serve him with pre-suit notice as required by Tenn. Code Ann. § 29-26-121(a)(1), Mr. Kinsey's failure to file a certificate of good faith as required by Tenn. Code Ann. § 29-26-122, and Mr. Kinsey's failure to file the requisite proof of statutory compliance with his complaint as required by Tenn. Code Ann. § 29-26-121(a)(4).  The hearing on the motion was scheduled for July 22, 2016.  Mr. Kinsey filed a motion on July 21 seeking additional time to respond to Dr. Schwarz's motion to dismiss.  On July 22, Mr. Kinsey filed a document entitled "Certificate of Good Faith" in which he asked the trial court to waive the requirement that he file a certificate of good faith because of his alleged inability to comply due to reasons outside of his control.  In support of this request, Mr. Kinsey stated:

> *First*, Kinsey contends that he is incarcerated and is under the care of TDOC's health care provider which after consulting with M.C.C.X.'s physician, he refuses to get involved in this case.

*Second*, because Kinsey is incarcerated he is unable to freely consult with other physicians in the area that would be willing to review his medical records to verify that Kinsey is bringing suit in good faith.

*Finally*, the fact that Kinsey is incarcerated, it places a significant impossibility to comply with T.C.A. § 29-26-122.

For these reasons, Kinsey has demonstrate[d] extraordinary good cause exception and respectfully request[s] that this Honorable Court WAIVE compliance of the certificate of good faith.

The trial court denied Mr. Kinsey's motions, finding they were "futile," and it granted Dr. Schwarz's motion to dismiss by order filed on August 8, 2016. The court wrote:

> Tenn. Code Ann. § 29-26-121 requires any person asserting a potential claim for health care liability to give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of the complaint based upon health care liability. The pleadings must state whether the plaintiff complied with this requirement and the plaintiff must demonstrate compliance of providing such notice. Plaintiff, in the instant case, failed to comply with the requirements set forth in Tenn. Code Ann. § 29-26-121. Thus, pursuant to Tenn. Code Ann. § 29-26-121, Rule 12.02(6) of the Tennessee Rules of Civil Procedure and Rule 26.04(g) of the Davidson County Local Rules of Practice, the Defendant's Motion to Dismiss is well taken and is GRANTED.

> Tenn. Code Ann. § 29-26-122 provides that the plaintiff in any health care liability action shall file a certificate of good faith with the complaint. Plaintiff, in the instant case, has not filed a certificate of good faith with his Complaint or at any time and, thus, failed to comply with the requirements set forth in Tenn. Code Ann. § 29-26-122. Tenn. Code Ann. § 29-26-122(a) provides that a plaintiff's Complaint shall be dismissed, absent a showing that the failure to file the certificate of good faith was due to the failure of the medical provider to timely provide copies of the plaintiff's records requested or demonstrated extraordinary cause. Plaintiff did not properly make any such showing. Thus, pursuant to Tenn. Code Ann. § 29-26-122, Rule 12.02(6) of the Tennessee Rules of Civil Procedure and Rule 26.04(g) of the Davidson County Local Rules of Practice, the Defendant's Motion to Dismiss is well taken and is GRANTED.

Dr. Keith and CMC filed a motion to dismiss based on the same grounds.[1] Dr. Schwarz filed an additional motion asking the court to make final its earlier order dismissing the case against him because the grounds supporting the dismissal could not be cured. The trial court filed an order on August 30, 2016, granting Dr. Keith and CMC's motion as well as Dr. Schwarz's motion. The court wrote:

> Regarding Defendant CMC and Defendant Dr. Keith's Motion to Dismiss, they collectively asserted that Plaintiff did not comply with the requirements set forth in T.C.A. §§ 29-26-121 and 122. Pursuant to T.C.A. § 29-26-121, any person asserting a potential claim for health care liability must give written notice of the potential claims to each health care provider that will be a named defendant at least sixty (60) days before the filing of the complaint based upon health care liability. In this case, Plaintiff did not attempt to provide pre-suit notice to Defendant CMC, failed to provide pre-suit notice to Defendant Dr. Keith, filed his complaint prematurely, and failed to file the requisite proof of statutory compliance with his complaint.
>
> Pursuant to T.C.A. § 29-26-122, a plaintiff in a health care liability action shall file a certificate of good faith with the complaint. In this case, Plaintiff did not file a certificate of good faith with his complaint as required by T.C.A. § 29-26-122.
>
> Regarding Defendant Dr. Schwarz's Motion to Make the August 8, 2016 Order of Dismissal Final, he asserts that there is no just reason to delay making the order final because the grounds for the dismissal cannot be cured.
>
> After considering the motions, materials submitted in support thereof, the relevant statutes and supporting case law, it is therefore ORDERED as follows:
>
> 1. Defendant CMC and Defendant Dr. Keith's Motion to Dismiss is GRANTED because Plaintiff failed to comply with the mandatory requirements set forth in T.C.A. §§ 29-26-121, and 122.
>
> 2. Defendant Dr. Schwarz's Motion to Make the August 8, 2016, Order of Dismissal Final is GRANTED because the grounds for dismissal cannot be Cured.[2]

---

[1]In addition, CMC pointed out that Mr. Kinsey did not even attempt to provide it with pre-suit notice. Mr. Kinsey concedes in his appellate court brief that he overlooked serving pre-suit notice on CMC and that CMC should, therefore, be dropped from the lawsuit.

[2]Although the trial court did not specifically address Tenn. Code Ann. § 29-26-121(a)(4) in either order granting the defendants' motions to dismiss, the court noted that Mr. Kinsey failed to file the requisite

In Tennessee, plaintiffs who allege health care liability actions "shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint . . . ." Tenn. Code Ann. § 29-26-121(a)(1). The notice may be served via personal delivery, Tenn. Code Ann. § 29-26-121(a)(3)(A), or by mail, Tenn. Code Ann. § 29-26-121(a)(3)(B). If the notice is to be served by mail, the statute requires the notice to be sent as follows:

> (i) To an individual health care provider at both the address listed for the provider on the Tennessee department of health web site and the provider's current business address, if different from the address maintained by the Tennessee department of health; provided, that, if the mailings are returned undelivered from both addresses, then, within five (5) business days after receipt of the second undelivered letter, the notice shall be mailed in the specified manner to the provider's office or business address at the location where the provider last provided a medical service to the patient; or

> (ii) To a health care provider that is a corporation or other business entity at both the address for the agent for service of process, and the provider's current business address, if different from that of the agent for service of process; provided, that, if the mailings are returned undelivered from both addresses, then, within five (5) business days after receipt of the second undelivered letter, the notice shall be mailed in the specified manner to the provider's office or business address at the location where the provider last provided a medical service to the patient.

Tenn. Code Ann. § 29-26-121(a)(3)(B).

---

proof of statutory compliance with his complaint. Section 29-26-121(a)(4) requires the following:

> Compliance with subdivision (a)(3)(B) shall be demonstrated by filing a certificate of mailing from the United States postal service stamped with the date of mailing and an affidavit of the party mailing the notice establishing that the specified notice was timely mailed by certified mail, return receipt requested. A copy of the notice sent shall be attached to the affidavit. It is not necessary that the addressee of the notice sign or return the return receipt card that accompanies a letter sent by certified mail for service to be effective.

Mr. Kinsey included an affidavit of his own stating that he "placed the foregoing with the appropriate mailroom officials at the Morgan County Correctional Complex with sufficient First Class Postage to reach its destination," but he neglected to file a certificate of mailing from the United States postal service stamped with the date of mailing," as required by the statute. As our Supreme Court explained in *Thurmond v. Mid-Cumberland Infectious Disease Consultants, PLC*, 433 S.W.3d 512, 520 (Tenn. 2014), "the affidavit functions as confirmation that pre-suit notice was timely *served* on potential defendants in a manner authorized by statute."

Mr. Kinsey acknowledges that he sent his pre-suit notice to Dr. Schwarz and Dr. Keith at the location where the defendants provided medical services to him. Mr. Kinsey concedes that he did not send the notices to the defendants' addresses listed on the Tennessee Department of Health web site or at the defendants' current business addresses as required by Tenn. Code Ann. § 29-26-121(a)(3)(B). Even if he had sent the pre-suit notices to Drs. Schwarz and Keith at the addresses required by the statute, however, Mr. Kinsey would have fallen short of providing the requisite sixty days' notice before he filed his complaint on March 28. Only forty-eight days elapsed between the date the notices were sent and the date Mr. Kinsey filed his complaint.

The Health Care Liability Act also requires a plaintiff alleging medical malpractice to file a certificate of good faith with the complaint. This requirement is set forth in Tenn. Code Ann. § 29-26-122, which provides, in pertinent part:

(a) In any health care liability action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint. If the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause. The certificate of good faith shall state that:

(1) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:

(A) Are competent under § 29-26-115 to express an opinion or opinions in the case; and

(B) Believe, based on the information available from the medical records concerning the care and treatment of the plaintiff for the incident or incidents at issue, that there is a good faith basis to maintain the action consistent with the requirements of § 29-26-115; or

(2) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:

(A) Are competent under § 29-26-115 to express an opinion or opinions in the case; and

(B) Believe, based on the information available from the medical records reviewed concerning the care and treatment of the plaintiff for the incident or incidents at issue and, as appropriate, information from the plaintiff or others with knowledge of the incident or incidents at issue, that there are facts material to the resolution of the case that cannot be reasonably ascertained from the medical records or information reasonably available to the plaintiff or plaintiff's counsel; and that, despite the absence of this information, there is a good faith basis for maintaining the action as to each defendant consistent with the requirements of § 29-26-115. Refusal of the defendant to release the medical records in a timely fashion or where it is impossible for the plaintiff to obtain the medical records shall waive the requirement that the expert review the medical record prior to expert certification.

Tenn. Code Ann. § 29-26-122.[3]

The Tennessee Supreme Court has addressed both statutes at issue in this case and has determined that the legislature's use of the word "shall" in Tenn. Code Ann. § 29-26-121(a)(1) (a plaintiff "asserting a potential claim for health care liability shall give written notice . . .") and § 29-26-122(a) ("the plaintiff . . . shall file a certificate of good faith with the complaint") indicates that the requirements are mandatory rather than directory. *Myers*, 382 S.W.3d at 308 (citing *Bellamy v. Cracker Barrel Old Country Store, Inc.*, 302 S.W.3d 278, 281 (Tenn. 2009)). The *Myers* Court explained:

---

[3]Tennessee Code Annotated section 29-26-115 provides, in relevant part, as follows:

(a) In a health care liability action, the claimant shall have the burden of proving by evidence as provided by subsection (b):
(1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred;
(2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and
(3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

(b) No person in a health care profession requiring licensure under the laws of this state shall be competent to testify in any court of law to establish the facts required to be established by subsection (a), unless the person was licensed to practice in the state or a contiguous bordering state a profession or specialty which would make the person's expert testimony relevant to the issues in the case and had practiced this profession or specialty in one (1) of these states during the year preceding the date that the alleged injury or wrongful act occurred. This rule shall apply to expert witnesses testifying for the defendant as rebuttal witnesses. The court may waive this subsection (b) when it determines that the appropriate witnesses otherwise would not be available.

The essence of Tennessee Code Annotated section 29-26-121 is that a defendant be given notice of a medical malpractice claim before suit is filed. The essence of Tennessee Code Annotated section 29-26-122 is that a defendant receive assurance that there are good faith grounds for commencing such action. The requirements of pre-suit notice of a potential claim under Tennessee Code Annotated section 29-26-121 and the filing of a certificate of good faith under Tennessee Code Annotated section 29-26-122 are fundamental to the validity of the respective statutes and dictate that we construe such requirements as mandatory.

*Id*. at 309 (footnote omitted); *see Stevens ex rel. Stevens v. Hickman Cmty. Health Care Servs.*, 418 S.W.3d 547, 555 (Tenn. 2013) ("[I]f strict compliance with a particular statutory provision is essential to avoid prejudicing an opposing litigant, the prescribed mode of action will be mandatory." (citing *Jones v. Prof'l Motorcycle Escort Serv., L.L.C.*, 193 S.W.3d 564, 571 (Tenn. 2006))). The *Myers* Court reviewed the legislative history of the statutes and determined that the purpose of the pre-suit notice provision is to alert prospective defendants that a lawsuit alleging medical malpractice is soon to be filed. *Myers*, 382 S.W.3d at 309-10. The *Myers* Court noted that both the pre-suit notice requirement and the certificate of good faith requirement are "precisely stated" and "provide clear guidance and detailed instruction for meeting those requirements." *Id.* at 310. Neither requirement can be satisfied by substantial compliance because both requirements are "mandatory" rather than "directory." *Id.* With respect to the certificate of good faith, the *Myers* Court held that prior statements by a plaintiff's experts did not satisfy the statutory requirement that a certificate of good faith be filed with the complaint, even if the statements were shared with the defendants in a prior lawsuit. *Id.*

The *Myers* Court discussed the meaning of "extraordinary cause" as that term is used in Tenn. Code Ann. §§ 29-26-121(b)[4] and -122(a). *Id.* at 310-11. Recognizing that the statute does not define "extraordinary" and that the legislative history sheds no light on the meaning to be assigned to the phrase, the Court determined that the "plain and ordinary meaning" should be applied. *Id.* at 310. "Extraordinary," wrote the Court, "is commonly defined as '"going far beyond the ordinary degree, measure, limit, etc.; very unusual; exceptional; remarkable."'" *Id.* at 310-11 (quoting WEBSTER'S NEW WORLD DICTIONARY OF THE AMERICAN LANGUAGE, 516 (1966)). The Court continued that examples of "extraordinary cause" might include '"illness of the plaintiff's lawyer, a

---

[4]Tennessee Code Annotated section 29-26-121(b) provides:

> If a complaint is filed in any court alleging a claim for health care liability, the pleadings shall state whether each party has complied with subsection (a) and shall provide the documentation specified in subdivision (a)(2). The court may require additional evidence of compliance to determine if the provisions of this section have been met. The court has discretion to excuse compliance with this section only for extraordinary cause shown.

death in that lawyer's immediate family, [or] illness or death of the plaintiff's expert in the days before the filing became necessary.'" *Id.* at 311 (quoting John A. Day, *Med Mal Makeover 2009 Act Improves on '08; The New New Medical Malpractice Notice and Certificate of Good Faith Statutes*, 45 TENN. B.J. 14, 17 (2009)).

### 1. Pre-Suit Notice

Mr. Kinsey acknowledges that he filed his complaint before sixty days passed from the date he attempted to serve his pre-suit notice on Dr. Schwarz and Dr. Keith. He also acknowledges that he did not comply with the statutory requirement that he mail the notice to Dr. Schwarz and Dr. Keith at both the address listed for them on the Tennessee Department of Health web site and their current business address before mailing it to them at the location where they last provided a medical service to him. *See* Tenn. Code Ann. § 29-26-121(a)(3)(B). Mr. Kinsey was incarcerated when he sent the pre-suit notices and when he filed his complaints, and he claims he was unable to obtain the physicians' addresses on the Tennessee Department of Health's web site or their current business addresses because he did not have access to a computer. However, the record does not reflect that Mr. Kinsey raised this argument before the trial court and that he is making this argument for the first time on appeal. "Issues raised for the first time on appeal are waived." *Dick Broad. Co., Inc. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 670 (Tenn. 2013); *Brandon v. Williamson Med. Ctr.*, 343 S.W.3d 784, 791 (Tenn. Ct. App. 2010); *Johnston v. Houston*, 170 S.W.3d 573, 578 (Tenn. Ct. App. 2004).

Mr. Kinsey relies on the case *Arden v. Kozawa*, 466 S.W.3d 758 (Tenn. 2015), to argue he substantially complied with the pre-suit notice requirement by mailing the notice to the address where the defendants provided him with services. The plaintiff in *Arden* deviated from the statutory mandate by serving his pre-suit notice by Federal Express rather than by certified mail, return receipt requested. *Arden*, 466 S.W.3d at 761. Mr. Kinsey is correct in pointing out that the Supreme Court in *Arden* held that the manner and proof of service requirements set forth in Tenn. Code Ann. § 29-26-121(a)(3)(B) "are not mandatory, but directory, and can be achieved through substantial compliance." *Id.* at 764. The Court considered "the extent and significance of the plaintiff's deviation from the statute and whether the defendant was prejudiced by the plaintiff's noncompliance" to determine whether the plaintiff substantially complied with the pre-suit notice requirement. *Id.* at 763. The *Arden* Court explained that "[t]he overarching purpose of the pre-suit notice statute is to ensure that health care defendants receive timely notice of a forthcoming lawsuit." *Id.* at 764; *see also Foster*, 467 S.W.3d at 915 ("Pre-suit notice affords defendants the opportunity to investigate the merits of a claim and to pursue settlement negotiations before suit is filed." (citing *Stevens*, 418 S.W.3d at 564)). In concluding that the plaintiff substantially complied with the pre-suit notice requirement by serving the notice by way of Federal Express rather than certified mail, return receipt requested, the Court noted that the defendants suffered no prejudice because the purpose of the statute was satisfied — the defendants were notified of the

forthcoming complaint at least sixty days before the complaint was filed, and the plaintiff was able to provide proof of the delivery of the notices to the defendants. *Arden*, 466 S.W.3d at 764-65.

In contrast to the facts of *Arden*, the record here shows that the notices Mr. Kinsey mailed to Dr. Schwarz and Dr. Keith were returned to him as undeliverable, and there is no evidence that either physician actually received pre-suit notice at all. Thus, the Supreme Court's decision in *Arden* does not further Mr. Kinsey's cause. Although the Supreme Court held that the manner of service could vary from the method set forth in the statute, the Court also held that failure to provide pre-suit notice as required by the statute should result in the dismissal of the complaint. *Id.* at 763.

We conclude that Mr. Kinsey has not demonstrated extraordinary cause to justify the waiver or excuse of his obligation to comply with the pre-suit notice as required by Tenn. Code Ann. § 29-26-121(a).

### 2. Certificate of Good Faith

Mr. Kinsey next argues that the trial court erred in failing to waive the requirement that he file a certificate of good faith with his complaint because he was incarcerated and was unable to find a physician who would be willing to review his medical records and verify that he was filing the lawsuit in good faith. A similar argument was made by the plaintiff in *Mathes v. Lane*, No. E2013-01457-COA-R3-CV, 2014 WL 346676 (Tenn. Ct. App. Jan. 30, 2014). Mr. Mathes was the plaintiff in that case, and, like Mr. Kinsey, Mr. Mathes failed both to provide the defendant physician with pre-suit notice and to file a certificate of good faith with the complaint. *Mathes*, 2014 WL 346676, at *6-7. Mr. Mathes was incarcerated when he was treated by the defendant, and he was representing himself. *Id.* at *1. He argued that "due to his status as a pro se litigant and incarcerated inmate, this Court should determine that he 'met the minimum standard in filing his suit.'" *Id.* at *4. The Court of Appeals found Mr. Mathes's argument "unavailing," explaining that "[t]he leniency we may afford to pleadings drafted by pro se litigants does not extend to excusing such litigants 'from complying with the same substantive and procedural rules that represented parties are expected to observe.'" *Id.* at *7 (quoting *Hessmer v. Hessmer,* 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)). The *Mathes* court concluded that the trial court did not abuse its discretion in finding no extraordinary cause existed to excuse either Mr. Mathes's failure to provide pre-suit notice to the defendants or Mr. Mathes's failure to file a certificate of good faith along with his complaint. *Id.* at *7-8.

According to Tenn. Code Ann. § 29-26-122(c), a health care liability lawsuit is subject to dismissal if a certificate of good faith is not filed as required by the statute:

The failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to dismissal with prejudice. . . . The court may, upon motion, grant an extension within which to file a certificate of good faith if the court determines that a health care provider who has medical records relevant to the issues in the case has failed to timely produce medical records upon timely request, or for other good cause shown.

Mr. Kinsey filed a motion on July 29, 2016, entitled "Amended Motion for Enlargement of Time in Which to Reply to Defendant's Motion to Dismiss and File a Certificate of Good Faith." However, the trial court held a hearing on Dr. Schwarz's motion to dismiss on July 22, seven days before Mr. Kinsey filed his motion seeking an extension, and the record does not indicate whether this late-filed motion was ever considered or ruled upon.[5]

"'The filing of a certificate of good faith indicating that an expert has reviewed the claims and has certified that they are taken in good faith 'satisfies the goal of attempting to ensure that suits proceeding through litigation have some merit.''" *Caldwell v. Vanderbilt Univ.*, No. M2012-00328-COA-R3-CV, 2013 WL 655239, at *5 (Tenn. Ct. App. Feb. 20, 2013) (quoting *Kerby v. Haws*, M2011-01943-COA-R3-CV, 2012 WL 6675097, at *4 (Tenn. Ct. App. Dec. 20, 2012) (itself quoting *Jenkins v. Marvel*, 683 F. Supp. 2d 626, 639 (E.D. Tenn. 2010)); *see also Myers*, 382 S.W.3d at 309. Citing Tenn. Code Ann. § 29-26-122(c), the *Caldwell* court reaffirmed that a plaintiff's failure to file the certificate of good faith "in compliance with this section" subjects the complaint to dismissal upon motion by the defendant(s). *Caldwell*, 2013 WL 655239, at *5. Because the plaintiff in *Caldwell* failed to file a certificate that contained all the information required by the statute, the court dismissed the plaintiff's complaint upon the defendant's motion. *Id.* at *6; *see also Dunlap v. Laurel Manor Health Care, Inc.*, 422 S.W.3d 577, 578 (Tenn. Ct. App. 2013); *West v. AMISUB(SFH), Inc.*, No. W2012-00069-COA-R3-CV, 2013 WL 1183074, at *6 (Tenn. Ct. App. Mar. 21, 2013). The plaintiff's pro se status was not enough to cause the court in *Brandon v. Williamson Medical Center* to excuse the filing of a certificate of good faith. *Brandon*, 343 S.W.3d at 790-92. Mr. Kinsey does not cite any case in which a court has waived altogether the filing of the certificate of good faith, and we are not aware of any such case.[6]

---

[5]In the text of the motion, Mr. Kinsey sought an extension of time "to file a reply [to Dr. Schwarz's motion to dismiss], discovery and leave to amend the Complaint." In an accompanying affidavit, Mr. Kinsey stated that he was requesting the court to extend from July 22 to August 22 the time within which he could respond to Dr. Schwarz's motion to dismiss and to file a certificate of good faith. However, Mr. Kinsey had earlier asked the court to waive the requirement that he file a certificate of good faith because he was unable to find a physician from his position in prison who would be willing to sign such a certificate.

[6]Mr. Kinsey contends the defendants failed to produce his medical records. However, there is no evidence that any of the defendants received the statutory pre-suit notice containing the authorized

- 13 -

We conclude that the trial court did not err in denying Mr. Kinsey's request to waive the statutory requirement that he file a certificate of good faith with his complaint, pursuant to Tenn. Code Ann. § 29-26-122.  Mr. Kinsey does not demonstrate how he could have cured his non-compliance with the statutory requirements of pre-suit notice and certificate of good faith with regard to Dr. Schwarz.  Accordingly, we hold the trial court did not err in making final its earlier order dismissing Mr. Kinsey's complaint against Dr. Schwarz at the same time that it dismissed the complaint against CMC and Dr. Keith.

## III. CONCLUSION

The judgment of the trial court is affirmed.  The costs of this appeal shall be taxed against the appellant, Marvin D. Kinsey, for which execution shall issue, if necessary.

_____

ANDY D. BENNETT, JUDGE

---

HIPAA compliant medical authorization that triggers the defendants' obligation to produce the claimant's medical records within the next thirty days.  *See* Tenn. Code Ann. § 29-26-121(d)(1).  Mr. Kinsey filed a document request asking Dr. Schwarz to produce his medical records on July 22, 2016, but this request was made too late to allow Mr. Kinsey to utilize the records for purposes of filing a certificate of good faith with his complaint, as required by the statute.