IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 16, 2020 Session

## JUDITH MICHELE DIAL v. JAMES KLEMIS M.D. ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-005136-18  Jerry Stokes, Judge**

_____

### No. W2019-02115-COA-R3-CV

_____

This is a health care liability case. The defendants moved to dismiss the complaint due to the plaintiff's failure to comply with Tennessee Code Annotated section 29-26-121(a)(2)(E), arguing that the plaintiff had not provided them HIPAA compliant medical authorizations allowing them to receive medical records from the other providers being sent statutorily-required pre-suit notice.  The trial court agreed with the defendants' argument and, upon observing that the plaintiff was not entitled to rely on the 120-day extension of the statutory limitation period pursuant to Tennessee Code Annotated section 29-26-121(c), held that the complaint was time-barred and should be dismissed with prejudice.  Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and CARMA DENNIS MCGEE, J., joined.

Warren D. McWhirter, Germantown, Tennessee, for the appellant, Judith Michele Dial.

James L. Kirby and Kannon C. Conway, Memphis, Tennessee for the appellees, James Klemis, M.D. and Stern Cardiovascular Foundation, Inc.

Eugene J. Podesta, Jr. and Kristine Esme Nelson, Memphis, Tennessee, for the appellees, Methodist Lebonheur Healthcare aka Methodist Healthcare aka Methodist Hospital Germantown, Rosemary Carroll, Angie Tyler, Methodist Healthcare-Memphis Hospitals, Anna Blair, and Timika Dodson.

# OPINION

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff/Appellant Judith Dial ("Ms. Dial") is the daughter and next of kin of Lambert Dial. As detailed in the "Complaint for Medical Malpractice" filed in this case, Ms. Dial's father, who had been diagnosed with internal carotid stenosis, was a patient of the Defendants on July 13, 2017 when he was admitted to Methodist Hospital to have a carotid stent procedure performed by Dr. James Klemis, an employee of Stern Cardiovascular Foundation, Inc.[1] As alleged, an air embolus was negligently introduced during the carotid stent procedure by Dr. Klemis and other employees or agents of Stern Cardiovascular and Methodist, eventually resulting in brain injury and later death on July 26, 2017. Ms. Dial did not file her complaint over the incident until well over a year later, on November 13, 2018.

Subsequent to the filing of the complaint, separate groups of the named Defendants moved to dismiss the lawsuit. For ease of reference, we will generally refer to these groups herein as "the Methodist Defendants" and "the Stern Defendants."[2] The Stern Defendants' motion to dismiss was filed on January 18, 2019, contemporaneous to the filing of their answer. The Methodist Defendants filed their motion to dismiss on January 28, 2019. The crux of the argument raised by the Defendants, as is evident through their respective motions and subsequently-filed supporting memoranda, was that Ms. Dial had failed to provide proper HIPAA authorizations under Tennessee Code Annotated section 29-26-121(a)(2)(E). Specifically, as the Methodist Defendants articulated in their motion to dismiss:

> The record demonstrates that Plaintiff failed to comply with Tenn. Code Ann. § 29-26-121(a)(2)(E) prior to filing her Complaint on November 13, 2018. The relevant HIPAA authorizations enclosed with Plaintiff's pre-suit notice letters do not allow each of the . . . Defendants to obtain "complete medical records from *each other provider* being sent a notice.["]
>
> Because Plaintiff's pre-suit notice was not compliant with Tenn. Code Ann. § 29-26-121, Plaintiff cannot rely upon the extension of the statute of limitations afforded under Tenn. Code Ann. § 29-26-121(c) applicable when pre-suit notice is properly provided. Therefore, dismissal of Plaintiff's claims with prejudice is warranted because Plaintiff did not file her

---

[1] The complaint lists Dr. Klemis as being an agent/employee of other alleged Stern entities as well.

[2] Similar designations have been utilized by the parties in this case. As referenced in this Opinion, the Methodist Defendants consist of the following named parties: Methodist Healthcare-Memphis Hospitals, Methodist Le Bonheur Healthcare Germantown, Timika Dodson, RN, Rosemary Carroll, RT, Anna Blair, RN, and Angie Tyler, CVT. The Stern Defendants referenced herein consist of James Klemis, MD, and Stern Cardiovascular Foundation, Inc.

Complaint within the applicable statute of limitations.[3]

Of note, Ms. Dial did not dispute the fact that she failed to comply with the directive of Tennessee Code Annotated section 29-26-121(a)(2)(E). In responding to the Methodist Defendants' motion to dismiss, she acknowledged there was "a technical violation of the statute in that the authorization does not allow access by Methodist of Stern's records." Moreover, in a hearing on the matter before the trial court, Ms. Dial's counsel admitted that the provided HIPAA authorization was "not perfect," and further, her counsel conceded there were records other than those belonging to the Methodist Defendants. A similar concession was made by Ms. Dial with regard to the Stern Defendants. In a filing submitted in opposition to the Stern Defendants' motion to dismiss, Ms. Dial acknowledged there was a "technical violation of the statute in that the authorization does not allow access by Klemis of Methodist's records." Ms. Dial argued, however, that her shortcomings were not dispositive with respect to either of these groups of Defendants. As to the Methodist Defendants' lack of access to the Stern Defendants' records, Ms. Dial contended that records from the Stern Defendants were simply unnecessary. As to the Stern Defendants' lack of access to the Methodist records, Ms. Dial placed emphasis on the fact that the underlying procedure at Methodist Hospital had been performed by Dr. Klemis, apparently reasoning that he did not need access to the hospital records to explain the procedure that he himself performed. In Ms. Dial's view, no prejudice occasioned either set of these Defendants.

The trial court granted the Methodist Defendants' motion to dismiss by an order entered on July 2, 2019. The court noted that Ms. Dial had failed to substantially comply with Tennessee Code Annotated section 29-26-121(a)(2)(E) because she did not give a HIPAA compliant medical authorization permitting the Methodist Defendants to obtain medical records from each other provider who was sent a pre-suit notice. It further held that, as a result of such substantial noncompliance, Ms. Dial "was not entitled to rely on the 120-day extension of the statute of limitations under Tennessee Code Annotated section 29-26-121(c) and her Complaint is, therefore, time-barred pursuant to Tennessee Code Annotated section 29-26-116(a)(1)." The same reasoning formed the basis of the trial court's dismissal of Ms. Dial's claims against the Stern Defendants, wherein the trial court specifically held as follows:

1. The Plaintiff did not substantially comply with Tennessee Code Annotated section 29-26-121(a)(2)(E) because Plaintiff failed to provide HIPAA compliant medical authorizations to the [Stern Defendants] permitting these Defendants to obtain complete medical records from each other provider who

---

[3] In their motion to dismiss, the Methodist Defendants also argued that "Methodist Le Bonheur Healthcare Germantown" was not an appropriate Defendant. The same argument was also made about "Methodist Le Bonheur Healthcare." It does not appear from the complaint that "Methodist Le Bonheur Healthcare" was a named Defendant.

was sent a pre-suit notice. Specifically, the [Stern Defendants] were unable to obtain complete medical records pertaining [to] Lambert C. Dial, Jr. in the possession of the [Methodist Defendants].

2. As a result of Plaintiff's failure to comply with Tennessee Code Annotated section 29-26-121(a)(2)(E), Plaintiff was not entitled to rely on the 120-day extension of the statute of limitations under Tennessee Code Annotated section 29-26-121(c); and therefore her Complaint is time-barred pursuant to Tennessee Code Annotated section 29-26-116(a)(1).

This order of dismissal, which was entered by the trial court on October 29, 2019, was certified as a final judgment pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure.

Although Ms. Dial filed a "motion to alter or amend" with respect to the trial court's dismissal of the Methodist Defendants, relying in part on the affidavit of a retained medical expert who opined that any records outside of certain Methodist records were irrelevant, her motion was denied by order also entered on October 29, 2019. This order, which by its terms left undisturbed the prior dismissal of the Methodist Defendants, was also certified as final under Rule 54.02. This appeal followed.

## ISSUES PRESENTED

Ms. Dial raises the following general issues on appeal:[4]

---

[4] We observe that these issues are not raised in accordance with the manner directed by Rule 27 of the Tennessee Rules of Appellate Procedure. In pertinent part, Rule 27 mandates that "[t]he brief of the appellant shall contain under appropriate headings" and in the following order:

(1) A table of contents, with references to the pages in the brief;
(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
(3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;
(4) **A statement of the issues presented for review**;
(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
(7) An argument, which may be preceded by a summary of argument, setting forth:
(A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

1. Whether the Methodist Defendants' motion to dismiss should have been granted.

2. Whether the motion to reconsider the order granting the Methodist Defendants' motion to dismiss should have been granted.

3. Whether the Stern Defendants' motion to dismiss should have been granted.

## DISCUSSION

At issue in this appeal are the pre-suit notice requirements applicable to health care liability claims. As has been discussed by numerous decisions over the past decade, any person asserting a potential claim for health care liability in Tennessee "shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based upon health care liability in any court of this state." Tenn. Code Ann. § 29-26-121(a)(1). This notice shall include:

> (A) The full name and date of birth of the patient whose treatment is at issue;
> (B) The name and address of the claimant authorizing the notice and the relationship to the patient, if the notice is not sent by the patient;
> (C) The name and address of the attorney sending the notice, if applicable;
> (D) A list of the name and address of all providers being sent a notice; and
> (E) A HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice.

Tenn. Code Ann. § 29-26-121(a)(2). Whereas pre-suit notice is itself mandatory and demands strict compliance, *Arden v. Kozawa*, 466 S.W.3d 758, 762-63 (Tenn. 2015), the content requirements outlined under Tennessee Code Annotated section 29-26-121(a)(2) are directory and may be satisfied by substantial compliance. *Martin v. Rolling Hills Hosp., LLC*, 600 S.W.3d 322, 331 (Tenn. 2020). Indeed, as to the requirement of a HIPAA compliant medical authorization mentioned in Tennessee Code Annotated section 29-26-

---

(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27(a) (emphasis added). Here, there is no separate "Issues Presented" section in Ms. Dial's brief. Rather, the issues apparently sought to be raised are referenced in the table of contents of Ms. Dial's brief and are respectively interspersed throughout Ms. Dial's denominated "Legal Analyses" section. In this case, we find it appropriate to address the issues on their merits and overlook Ms. Dial's nonadherence to the applicable briefing requirements. We caution litigants, however, that a waiver of issues can result from the failure to follow the requirements of Rule 27. *See Childress v. Union Realty Co., Ltd.*, 97 S.W.3d 573, 578 (Tenn. Ct. App. 2002) (noting that this Court can consider an issue waived "where it is argued in the brief but not designated as an issue").

121(a)(2)(E), which is specifically at issue here, "a plaintiff must substantially comply, rather than strictly comply." *Stevens ex rel. Stevens v. Hickman Cmty. Health Care Servs., Inc.*, 418 S.W.3d 547, 555 (Tenn. 2013). Requiring a plaintiff to provide a HIPAA compliant medical authorization serves "an investigatory function, equipping defendants with the actual means to evaluate the substantive merits of a plaintiff's claim by enabling . . . early access to a plaintiff's medical records." *Id.* at 554.

There is no debate of any merit here concerning whether Ms. Dial's furnished authorizations allowed Defendants to complete the investigatory function contemplated under Tennessee Code Annotated section 29-26-121(a)(2)(E). In fact, as already noted, the record evidences concessions on Ms. Dial's part that she did not provide either the Methodist Defendants or the Stern Defendants with authorizations allowing access to each other's medical records. Indeed, Ms. Dial admitted that there was "a technical violation of the statute in that the authorization does not allow access by Methodist of Stern's records" and that there was "a technical violation of the statute in that the authorization does not allow access by Klemis of Methodist's records." As she notes in her brief, her notice letters to the Defendants merely "contained a HIPAA compliant authorization which allowed each health care provider to access *their own* records." (emphasis added).

In appealing the trial court's dismissal of her lawsuit against the Methodist Defendants and the Stern Defendants, Ms. Dial is principally concerned with the alleged lack of prejudice occasioned by her so-called "technical" violations. She sets forth an argument that "each medical care provider had access to all of the necessary medical records such that the Appellant substantially complied with TCA 29-26-121."

There is no doubt that prejudice, or lack thereof, is a relevant line of inquiry. Prejudice is not, however, "a separate and independent analytical element." *Martin*, 600 S.W.3d at 333. Rather, it is "a consideration relevant to determining whether a plaintiff has substantially complied." *Id.* As our Supreme Court recently explained:[5]

> Prejudice, or the absence of prejudice, is especially relevant to evaluating the extent and significance of the plaintiff's noncompliance. If a plaintiff's noncompliance with Section 121 frustrates or interferes with the purposes of Section 121 or prevents the defendant from receiving a benefit Section 121 confers, then the plaintiff likely has not substantially complied with Section 121. On the other hand, if the plaintiff's noncompliance neither frustrates or interferes with the purposes of Section 121 nor prevents a defendant from receiving a benefit the statute confers, then a court is more likely to determine that the plaintiff has substantially complied.

*Id.* at 334 (internal citation omitted).

---

[5] The *Martin* decision was released April 29, 2020.

When the Methodist Defendants and the Stern Defendants moved to dismiss and argued in support of dismissal, they pointed out that the authorizations provided to them did not allow them to obtain medical records from each other provider being sent a notice as required by Tennessee Code Annotated section 29-26-121(a)(2)(E). This demonstrated lack of access to records by both the Methodist and the Stern Defendants was evidence of prejudice because it showed that both were "deprived . . . of a benefit Section 121 confers." *Id.*

In the face of this showing, Ms. Dial then had the opportunity and burden to establish her substantial compliance, including the burden of demonstrating that her noncompliance did not prejudice the defense. *Id.* at 335. As we understand it, Ms. Dial's argument that there was no prejudice to the Defendants has been based on the contention that (1) the only records necessary here were certain Methodist records and (2) each medical provider somehow had access to all relevant records. Indeed, this was the upshot of her response to the Methodist Defendants' motion to dismiss, wherein she simply argued that "the records from Stern or other providers would be superfluous . . . and Methodist does not need any other records." Ms. Dial later attempted to support this argument, following the dismissal of the Methodist Defendants, by filing an affidavit from a retained medical expert that she offered in an effort to have the court reconsider its earlier dismissal. This same affidavit was also relied upon in her opposition to the Stern Defendants' motion to dismiss. In this affidavit, Ms. Dial's medical expert stated that he had reviewed decedent's medical records from Methodist Hospital and opined that no records beyond the Methodist records he reviewed were relevant.

Respectfully, we are of the opinion that Ms. Dial has not successfully demonstrated that no prejudice resulted from her noncompliance in this matter. Although the submitted affidavit opines that the merits of this case can be adequately evaluated solely by reference to certain Methodist records, we are not persuaded that such a proposition has been sufficiently established. Such a proposition may have perhaps been established had Ms. Dial offered proof that the non-Methodist records were not, in fact, related to the decedent's internal carotid stenosis, but this did not occur. That factual proposition was not broached by the submitted affidavit, which provided no indication that the affiant even looked at any medical records related to the decedent other than the Methodist records and certainly no indication that he reviewed any of the Stern records. Divorced from any such facts, the trial court was certainly free to reject the pure legal proposition that any non-hospital records were somehow irrelevant, as do we. Although we certainly agree that the Methodist records are relevant, these are not the only records that exist pertaining to the subject matter of the decedent's internal carotid stenosis.[6] As we have already noted, Ms. Dial's counsel conceded in this litigation that there were records other than those belonging to the Methodist Defendants. This case, therefore, is a far cry from *Hughes v. Henry County Medical Center*, No. W2014-01973-COA-R3-CV, 2015 WL 3562733 (Tenn. Ct. App. June

---

[6] Again, the affidavit certainly does not attest to any contrary facts.

9, 2015), an opinion relied upon by Ms. Dial in support of her contention that no prejudice occurred in this case. In *Hughes*, although an error in the authorization form did not allow one medical provider to obtain records from the other provider being sent notice, the other provider, a doctor, did not have any independent records. *Id.* at *1. Counsel for the medical provider also conceded that there was no actual prejudice in view of the fact that the doctor had no records. *Id.* at *2. We accordingly reversed the trial court's dismissal of the action, holding that the medical provider had a medical release that authorized it to review all of the relevant medical records. *Id.* at *5.

Here, there are clearly other records that both Defendants do not have access to, and we reject Ms. Dial's apparent contention that records held by the Stern Defendants are somehow irrelevant just because the subject procedure involving the decedent took place at Methodist Hospital. Access should have been afforded to all of the decedent's records concerning his internal carotid stenosis, and all Defendants should have been provided with a HIPAA authorization permitting them to effectuate a review of all of these records. This, of course, did not occur. Again, Ms. Dial's brief concedes that the authorizations she did provide only allowed the respective health care providers access to *their own* records. This absence of the Defendants' access to medical records from the other providers infringed upon the investigatory function that Tennessee Code Annotated section 29-26-121(a)(2)(E) seeks to foster and was a clear deprivation of a benefit here that the statute confers. Accordingly, we conclude that the trial court did not err in dismissing Ms. Dial's claims as a result of her substantial noncompliance with Tennessee Code Annotated section 29-26-121(a)(2)(E),[7] nor did it err in denying her request to alter its earlier dismissal of the Methodist Defendants.[8]

Moreover, given the facts of this case, it was proper that the claims were dismissed with prejudice. As detailed at the outset of this Opinion, whereas the events giving rise to the present claims occurred in July 2017, Ms. Dial did not file her complaint until over a year later, on November 13, 2018. Although it is true, as Ms. Dial points out on appeal, that the applicable statute of limitations will be extended for a period of 120 days from the

---

[7] We do not intend to suggest that a plaintiff can never show a lack of prejudice when a defendant is not armed with a HIPAA authorization allowing access to medical records from the other providers being given pre-suit notice. Obviously, *Martin* and the case law which informed its decision dictate otherwise. As discussed herein, there has simply not been an adequate showing in this case explaining how the Defendants were not prejudiced by Ms. Dial's noncompliance, a burden that falls on a health care liability plaintiff after a defendant has filed a properly supported motion challenging the plaintiff's compliance with the required pre-suit notice. Access should have been afforded to all of the decedent's records pertaining to his internal carotid stenosis.

[8] The trial court denied Ms. Dial relief, in part, because her motion seeking relief as to the Methodist Defendants "was not timely filed." We agree with Ms. Dial that the order she sought review from was interlocutory in nature at the time, but notwithstanding the trial court's opinion as to the timeliness of Ms. Dial's efforts, we observe that the trial court also rejected her request for relief on the merits, holding, correctly, that she "failed to substantially comply with the requirements of Tennessee Code Annotated 29-26-121(a)(2)(E)."

date of the expiration of the statute of limitations when proper pre-suit notice is provided, *see* Tenn. Code Ann. § 29-26-121(c), such an extension will not be available if there has been, as is the case here, substantial noncompliance with Tennessee Code Annotated section 29-26-121(a)(2)(E). *See, e.g., J.A.C. by and through Carter v. Methodist Healthcare Memphis Hosps.*, 542 S.W.3d 502, 512 (Tenn. Ct. App. 2016) ("To determine whether the trial court was correct in its determination that the Plaintiffs were not entitled to rely on the 120-day extension under Tennessee Code Annotated section 29-26-121(c), we must consider whether it correctly concluded that the Plaintiffs failed to comply with the requirements of Tennessee Code Annotated section 29-26-121(a)(2)(E)."). We agree with the trial court's reasoning that because there was substantial noncompliance in this case, the 120-day extension was unavailable to Ms. Dial. Accordingly, it is evident that her November 2018 complaint was filed outside of the one-year limitation period applicable to health care liability claims. *See* Tenn. Code Ann. § 29-26-116(a)(1).

## CONCLUSION

The trial court's judgment is hereby affirmed as a result of Ms. Dial's substantial noncompliance with Tennessee Code Annotated section 29-26-121(a)(2)(E). Critically, Ms. Dial did not provide the Defendants with HIPAA authorizations allowing them to obtain medical records from the other providers being sent pre-suit notice, thereby denying each of the Defendants access to all of the available medical records.

_____
ARNOLD B. GOLDIN, JUDGE